COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
 2-09-161-CV

 

BETTEANNE COMERFORD, TANIA                                        APPELLANTS

ANN-MARIE CHAVANNE AND 

DAVID TRUMAN MICHENER

 

                                                   V.

 

BRYAN DAVIS AND CARLA DAVIS,                                        APPELLEES

AS NEXT FRIENDS OF TYLER
DAVIS

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                                 AND

 

                                        NO.  2-09-168-CV

 

IN RE THOMAS GERALD
COMERFORD

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








I. 
Introduction

Relator Thomas Gerard Comerford seeks a writ of
mandamus commanding the trial court to vacate its April 28, 2009 order
requiring him to appear for a rule 202 deposition, and Appellants Betteanne
Comerford, Tania Ann-Marie Chavanne, and David Truman Michener appeal the trial
court=s April
28, 2009 order compelling them to appear for a rule 202 deposition.[2]  In one issue, Relator and Appellants contend
the trial court abused its discretion by ordering Relator and Appellants to
appear for pre-suit depositions.  We deny
the petition for writ of mandamus and affirm the trial court=s order.

II. 
Factual and Procedural Background








On January 6, 2009, Bryan and Carla Davis, as
Next Friends of Tyler Davis, filed their AVerified
Petition to Take Deposition in Anticipation of Suit.@ In the
petition, the Davises allege that their son, Tyler, was seriously injured on or
about August 31, 2008, while he Awas a
passenger of an inflatable device being towed by a boat driven by his father,
Bryan Davis, when his inflatable device was struck by another boat, owned and
driven by [Relator].@ 
The Davises= petition seeks an order
authorizing the depositions of Relator and Appellants in order to Aperpetuate
the testimony of these witnesses to obtain information regarding the accident
in question to determine the facts surrounding the accident.@  The Davises=
petition further states, AAt the hearing, the [Davises]
will show that by permitting the deposition before suit, they may prevent a
failure or delay of justice in the anticipated suit.@  The Davises=
petition does not state that the requested depositions are necessary to
investigate a potential claim.  On March
11, 2009, Relator and Appellants filed a response to the Davises=
petition in which they specifically stated they would not address a request for
pre-suit depositions to investigate a potential claim because the Davises
sought pre-suit depositions only for use in an anticipated suit. 








The trial court conducted a hearing on the
petition on March 13, 2009. The Davises=
attorney argued at the hearing that the depositions were necessary to
investigate the claim and that the likely benefit of allowing the depositions
outweighed the burden and expense. 
Relator=s and Appellants= counsel
countered by arguing, among other things, that the burden on Relator and
Appellants did not justify an order authorizing pre-suit depositions.  The trial court thereafter stated, AI will
find in this instance that the likely benefit of allowing [the Davises] to take
the requested depositions to investigate a potential claim outweighs the burden
or expense of the procedure.@  The trial court signed an order memorializing
its ruling on April 28, 2009.  Relator
thereafter filed a petition for writ of mandamus and Appellants filed a notice
of appeal.[3]


III. 
Discussion

Rule 202.1 permits a party to petition the trial
court for an order allowing a pre-suit deposition A(a) to
perpetuate or obtain the person's own testimony or that of any other person for
use in an anticipated suit; or (b) to investigate a potential claim or suit.@  Tex. R. Civ. P. 202.1.  Rule 202.4(a) states:

(a) Required Findings.  The court must order a deposition to be taken
if, but only if, it finds that:

 

(1) allowing the
petitioner to take the requested deposition may prevent a failure or delay of
justice in an anticipated suit: or 

 

(2) the likely benefit of
allowing the petitioner to take the requested deposition to investigate a
potential claim outweighs the burden or expense of the procedure. 

 

Tex. R. Civ. P. 202.4(a).

In their sole issue, Relator and Appellants
contend that once a party anticipates a lawsuit, the party must proceed only
under rule 202.4(a)(1) and that the party is precluded from proceeding under
rule 202.4(a)(2). 













If a party does not present an argument to the
trial court through a timely request, objection, or motion, the argument is not
preserved and cannot be made on appeal. 
Tex. R. App. P. 33.1(a)(1); see also Bates v. City of Beaumont,
241 S.W.3d 924, 929 (Tex. App.CBeaumont
2007, no pet.) (same).  This principle
applies equally to parties seeking a writ of mandamus.  See In re E. Tex. Med. Ctr. Athens,
154 S.W.3d 933, 936, 937B38 (Tex. App.CTyler
2005, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex. App.CAmarillo
2001, orig. proceeding) (stating trial court cannot abuse its discretion unless
it had a legal duty to act, was asked to act, and failed or refused to
act).  Relator and Appellants did not
present their argument that a party is precluded from proceeding under rule
202.4(a)(2) once it anticipates a lawsuit to the trial court.  Thus, the argument is not preserved for our
review.  Tex. R. App. P. 33.1(a)(1).  Furthermore, Relator and Appellants do not
challenge the evidence or arguments underlying the trial court=s
finding that the likely benefit of allowing Relator=s and
Appellants= pre-suit depositions outweighs
the burden or expense.  As a result, we
are required to deny the writ of mandamus and affirm the trial court=s
order.  See Britton v. Tex. Dep=t of
Crim. Justice, 95 S.W.3d 676, 681 (Tex. App.CHouston
[1st Dist.] 2002, no pet.) (stating the reviewing court must affirm the trial
court=s
judgment or ruling when the appellant does not Aattack
all independent bases or grounds that fully support a complained-of ruling or
judgment@).

IV. 
Conclusion

Having overruled Relator=s and
Appellants= sole issue, we deny the
petition for writ of mandamus and affirm the trial court=s order.


 

 

ANNE
GARDNER

JUSTICE

 

PANEL: GARDNER, WALKER,
and MCCOY, JJ.

 

WALKER, J. concurs
without opinion.

 

DELIVERED:  December 31, 2009   











[1]See Tex. R. App. P. 47.4.





[2]This court previously
granted Appellants= motion to consolidate
their appeal with Relator=s mandamus action.





[3]Orders compelling
pre-suit depositions from persons against whom suit is not anticipated are
appealable, but orders compelling pre-suit depositions from persons against
whom suit is anticipated are not.  In
re Jorden, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding).  Thus, Appellants filed an appeal and Relator
filed a petition for writ of mandamus.