

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-161-CV

BETTEANNE COMERFORD, TANIA                    APPELLANTS
ANN-MARIE CHAVANNE AND
DAVID TRUMAN MICHENER

V.

BRYAN DAVIS AND CARLA DAVIS,                    APPELLEES
AS NEXT FRIENDS OF TYLER DAVIS

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

AND

NO. 2-09-168-CV

IN RE THOMAS GERALD COMERFORD

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

---

[1] See Tex. R. App. P. 47.4.

# I. Introduction

Relator Thomas Gerard Comerford seeks a writ of mandamus commanding the trial court to vacate its April 28, 2009 order requiring him to appear for a rule 202 deposition, and Appellants Betteanne Comerford, Tania Ann-Marie Chavanne, and David Truman Michener appeal the trial court's April 28, 2009 order compelling them to appear for a rule 202 deposition.[2] In one issue, Relator and Appellants contend the trial court abused its discretion by ordering Relator and Appellants to appear for pre-suit depositions. We deny the petition for writ of mandamus and affirm the trial court's order.

# II. Factual and Procedural Background

On January 6, 2009, Bryan and Carla Davis, as Next Friends of Tyler Davis, filed their "Verified Petition to Take Deposition in Anticipation of Suit." In the petition, the Davises allege that their son, Tyler, was seriously injured on or about August 31, 2008, while he "was a passenger of an inflatable device being towed by a boat driven by his father, Bryan Davis, when his inflatable device was struck by another boat, owned and driven by [Relator]." The Davises' petition seeks an order authorizing the depositions of Relator and Appellants in order to "perpetuate the testimony of these witnesses to obtain

---

[2] This court previously granted Appellants' motion to consolidate their appeal with Relator's mandamus action.

information regarding the accident in question to determine the facts surrounding the accident." The Davises' petition further states, "At the hearing, the [Davises] will show that by permitting the deposition before suit, they may prevent a failure or delay of justice in the anticipated suit." The Davises' petition does not state that the requested depositions are necessary to investigate a potential claim. On March 11, 2009, Relator and Appellants filed a response to the Davises' petition in which they specifically stated they would not address a request for pre-suit depositions to investigate a potential claim because the Davises sought pre-suit depositions only for use in an anticipated suit.

The trial court conducted a hearing on the petition on March 13, 2009. The Davises' attorney argued at the hearing that the depositions were necessary to investigate the claim and that the likely benefit of allowing the depositions outweighed the burden and expense. Relator's and Appellants' counsel countered by arguing, among other things, that the burden on Relator and Appellants did not justify an order authorizing pre-suit depositions. The trial court thereafter stated, "I will find in this instance that the likely benefit of allowing [the Davises] to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure." The trial court signed an order memorializing its ruling on April 28, 2009. Relator

3

thereafter filed a petition for writ of mandamus and Appellants filed a notice of appeal.[3]

## III. Discussion

Rule 202.1 permits a party to petition the trial court for an order allowing a pre-suit deposition "(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit." Tex. R. Civ. P. 202.1. Rule 202.4(a) states:

> (a) *Required Findings.* The court must order a deposition to be taken if, but only if, it finds that:
>
> > (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit: or
> >
> > (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

Tex. R. Civ. P. 202.4(a).

In their sole issue, Relator and Appellants contend that once a party anticipates a lawsuit, the party must proceed only under rule 202.4(a)(1) and that the party is precluded from proceeding under rule 202.4(a)(2).

---

[3] Orders compelling pre-suit depositions from persons against whom suit is not anticipated are appealable, but orders compelling pre-suit depositions from persons against whom suit is anticipated are not. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding). Thus, Appellants filed an appeal and Relator filed a petition for writ of mandamus.

If a party does not present an argument to the trial court through a timely request, objection, or motion, the argument is not preserved and cannot be made on appeal. Tex. R. App. P. 33.1(a)(1); *see also Bates v. City of Beaumont*, 241 S.W.3d 924, 929 (Tex. App.—Beaumont 2007, no pet.) (same). This principle applies equally to parties seeking a writ of mandamus. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936, 937–38 (Tex. App.—Tyler 2005, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (stating trial court cannot abuse its discretion unless it had a legal duty to act, was asked to act, and failed or refused to act). Relator and Appellants did not present their argument that a party is precluded from proceeding under rule 202.4(a)(2) once it anticipates a lawsuit to the trial court. Thus, the argument is not preserved for our review. Tex. R. App. P. 33.1(a)(1). Furthermore, Relator and Appellants do not challenge the evidence or arguments underlying the trial court's finding that the likely benefit of allowing Relator's and Appellants' pre-suit depositions outweighs the burden or expense. As a result, we are required to deny the writ of mandamus and affirm the trial court's order. *See Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (stating the reviewing court must affirm the trial court's judgment or ruling

when the appellant does not "attack all independent bases or grounds that fully support a complained-of ruling or judgment").

## IV. Conclusion

Having overruled Relator's and Appellants' sole issue, we deny the petition for writ of mandamus and affirm the trial court's order.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

DELIVERED: December 31, 2009

6