Opinion issued January 7, 2010









 




     






In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00964–CV




AETERNIA ENTERPRISES U.S.A., LTD., Appellant

V.

MAGNITOGORSK STEEL AND WIRE WORKS, Appellee




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2002–57016




MEMORANDUM OPINION

          Appellant, Aeternia Enterprises U.S.A., Ltd. (“Aeternia”) filed a motion for
rehearing of our June 18, 2009 opinion, which dismissed the appeal. On August 18,
2009, we granted Aeternia’s motion for rehearing. We now withdraw our opinion
and judgment of June 18, 2009, and issue the following opinion and accompanying
judgment in their stead.
          In this contract dispute, the trial court granted appellee Magnitogorsk Steel and
Wire Works’s (“MMMZ”) “Motion to Enforce Arbitration Clause,” which resulted
in the dismissal of Aeternia’s claims against MMMZ. On appeal, Aeternia identifies
one global issue in which it offers a number of arguments to defeat the order. 
          We affirm.
Background
          Aeternia, an American corporation, and MMMZ, a Russian corporation,
entered into a series of written contracts whereby Aeternia agreed to purchase nails
manufactured by MMMZ. Aeternia also had a contract with PrimeSource Building
Products, Inc. (“PrimeSoure”). Pursuant to that contract, Aeternia agreed to supply
nails to PrimeSource. The nails supplied by Aeternia to PrimeSource were
manufactured by MMMZ. Eventually, PrimeSource began purchasing the nails
directly from MMMZ, removing Aeternia from the transaction. 
          Aeternia filed this lawsuit suit in Harris County, Texas, against MMMZ and
PrimeSource. Aeternia asserted causes of action against both defendants for breach
of contract, tortious interference with contract, quantum meruit, conspiracy, and
fraud. 
          In turn, MMMZ asserted a breach of contract claim against Aeternia. MMMZ
claimed that Aeternia owed it $256,535.14 for nails it had supplied to Aeternia. 
However, MMMZ did not assert its breach of contract claim in the instant suit as a
counterclaim. Instead, MMMZ initiated arbitration proceedings in Russia pursuant
to an arbitration clause found in the contract.


 MMMZ initiated the arbitration before
it was served with process in this suit. 
          After it received notice of the arbitration, Aeternia sent a letter to the Russian
arbitration tribunal in which the arbitration was pending. In the letter, Aeternia
informed the tribunal that it had filed suit against MMMZ in Texas and would not be
attending the scheduled arbitration proceeding. 
          After receiving Aeternia’s letter, the Russian arbitration tribunal postponed the
initial setting of the arbitration hearing and sent a letter to Aeternia requesting it to
provide the tribunal with an explanation regarding why the dispute should be
determined by a Texas court rather than by a Russian arbitration tribunal, as required
by the parties’ contract. Aeternia did not provide the tribunal with an explanation or
otherwise respond.
          The Russian tribunal conducted the arbitration hearing on January 12, 2004.
MMMZ’s representative attended the arbitration hearing. Aeternia had notice of the
arbitration hearing but did not attend. In a written decision dated February 12, 2004,
the arbitration tribunal determined that Aeternia was obligated to pay $184,901.61 to
MMMZ under the contract. 
          Based on the arbitration tribunal’s written determination, MMMZ filed its
“Motion to Enforce Arbitration Clause and Notice of Arbitration Award.” In the
motion, MMMZ asserted that Aeternia’s claims in the instant suit are subject to the
arbitration clause found in the contract between the parties. MMMZ asserted that the
arbitration clause “preempts” Aeternia’s claims in this suit. MMMZ also asserted in
the motion that the Russian arbitration tribunal’s decision had a preclusive effect on
Aeternia’s claims in the instant litigation. MMMZ appended, inter alia, the
arbitration tribunal’s written decision and other documentation related to the
arbitration to its Motion to Enforce Arbitration Clause. 
          In the motion, MMMZ did not request the trial court to compel Aeternia to
arbitrate its claims. Rather, MMMZ only requested the trial court to dismiss
Aeternia’s claims. 
          On May 13, 2005, the trial court signed an order granting MMMZ’s “Motion
to Enforce Arbitration Clause.” Aeternia filed a motion requesting the trial court to
sever its cause of action against PrimeSource from its cause of action against MMMZ
and to assign the severed cause a new cause number. The trial court granted the
motion and severed Aeternia’s cause of action against PrimeSource from its cause of
action against MMMZ. The trial court assigned the severed action against
PrimeSource a new cause number, leaving only Aeternia’s claims against MMMZ
under the original cause number. 
          Aeternia then filed a notice of appeal in the original cause number, resulting
in the instant appeal. Aeternia asserted that the trial court erred by granting MMMZ’s 
Motion to Enforce Arbitration Clause. 
          Because we could not ascertain whether the order granting MMMZ’s Motion
to Enforce Arbitration Clause was a final, appealable judgement, we abated the case
and requested the trial court to clarify whether the order was intended to be a final,
appealable judgment. After the trial court failed to clarify its order, we set the case
for submission. On original submission, we determined that the order was not a final
judgment and dismissed the appeal for want of jurisdiction in our June 18, 2009
opinion. 
          At the time we issued our opinion, we were unaware that, on June 3, 2009, the
trial court had signed an order clarifying its May 13, 2005 order. The clarifying order
provides as follows:
CAME NOW TO BE HEARD, on this the 13th day of May, 2005,
Defendant Magnitogorsk Steel and Wire Works’ Motion to Enforce
Arbitration Clause. Having heard the motion and the response, if any,
and the evidence and arguments of counsel, if any, the Court is of the
opinion that the Motion to Enforce Arbitration Clause be GRANTED.
IT IS THEREFORE ORDERED that the Motion to Enforce Arbitration
Clause is granted. 
 
IT IS FURTHER ORDERED that this Order is final, disposes of
all claims and all parties, and is appealable.
 
Because arbitration in this matter occurred some 18 months prior
to the Court’s May 13, 2005 Order, the Court’s prior Order of May 13,
2005 is a final and appealable order dismissing Plaintiff’s claims as to
Defendant, Magnitogorsk Steel and Wire Works. 
          Based on this order, Aeternia filed a motion for rehearing in this appeal, which
we have granted. We withdraw our June 18, 2009 opinion and judgment, and now
consider the merits of Aeternia’s appeal.
Dismissal of Aeternia’s Claims
          In one broadly stated issue, Aeternia asserts that the trial court erred by
granting MMMZ’s Motion to Enforce Arbitration Clause. In support of its issue,
Aeternia’s brief presents a number of arguments. 
          Aeternia argues that MMMZ waived its right to arbitrate because MMMZ
waited too long to raise the issue of arbitration and actively engaged in the litigation
process. Aeternia also asserts that its tort claims fall outside the scope of the
arbitration clause. Aeternia further contends that, as a non-signatory to the contract,
PrimeSource could not be ordered to arbitrate. Aeternia avers that its claims against
PrimeSource are so intertwined with its claims against MMMZ that it would be
prejudiced if the claims are decided separately. Lastly, Aeternia asserts that any
“judgment” awarded by a Russian tribunal would not be enforceable in Texas. 
          Aeternia’s arguments both in the trial court and on appeal rely on legal
principles commonly offered to defeat a request to compel arbitration. As mentioned,
MMMZ’s Motion to Enforce Arbitration Clause did not request that Aeternia be
compelled to arbitrate its claims. Instead, the sole relief sought was dismissal of
Aeternia’s claims against MMMZ. The trial court’s order indicates that Aeternia’s
claims were dismissed. The trial court did not compel the parties to arbitrate. 
          As discussed, one of the grounds offered by MMMZ to support dismissal of
Aeternia’s claims was its assertion that the decision by the Russian arbitration
tribunal had a preclusive effect on Aeternia’s claims filed in the trial court. In this
regard, MMMZ asserted, 
. . . Aeternia had actual notice of the arbitration which was initiated in
Russia and chose to ignore it. This past February 2004 the Russian
arbitration forum rendered its decision in the arbitration proceedings.  It
awarded MMMZ $178,132.80 US dollars on its claim and an additional
$6,768.81 for expenses of claimant for payment of the arbitration fee. 
 
Indeed, Aeternia admitted at the deposition of [its principal]
Bojan Zdravic that it has failed to pay MMMZ almost $193,000. 
 
In view of the final decision and arbitration award issued by the
Russian forum, Plaintiff’s claims are barred and should be dismissed
pursuant to the doctrines of claim preclusion, issue preclusion, res
judicata and collateral estoppel, as well.
 
The Contract clearly required all claims to [be] arbitrated in the
Russian forum and bars any actions in courts of law. Pursuant to
Federal and Texas law, Aeternia’s claims against MMMZ should be
dismissed.

(MMMZ’s citation to attached exhibits and to case law omitted.)
          Neither in the trial court nor on appeal has Aeternia challenged the dismissal
of its claims based on the asserted ground that the Russian arbitration award has a
preclusive effect on its claims in this case. 
          An appellant must attack all independent bases or grounds that fully support
a complained of ruling or judgment. See Britton v. Tex. Dep’t of Crim. Justice, 95
S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If an independent
ground fully supports the complained-of ruling or judgment, but the appellant assigns
no error to that independent ground, we must accept the validity of that unchallenged
independent ground. Id. As a result, any error in the grounds actually challenged on
appeal is harmless because the unchallenged independent ground fully supports the
complained-of ruling or judgment. Id. In short, an appellant’s failure to attack all
independent grounds supporting a judgment results in an affirmance. See Britton, 95
S.W.3d at 681; cf. Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898
(Tex. App.—Houston [1st Dist.] 2002, no pet.) (“If summary judgment may have
been rendered, properly or improperly, on a ground not challenged, the judgment
must be affirmed.”). 
          Aeternia has failed to challenge MMMZ’s contention that the Russian
arbitration award has a preclusive effect on Aeternia’s claims in this case.


 We must
accept the validity of that contention.


 See Britton, 95 S.W.3d at 681. As a result,
any error in the grounds actually challenged on appeal by Aeternia is harmless. See
id. Thus, we must affirm the judgment of the trial court dismissing Aeternia’s claims. 
See id.
                                                        Conclusion 
          We overrule Aeternia’s sole issue and affirm the judgment of the trial court.




 

                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.