# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00329-CV

**Byron LaRue Barefield, Appellant**

**v.**

**Lone Star Beef Product, Herman Aguilar and Nat Leon, Appellees**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D110235C, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Byron LaRue Barefield appeals from a final district-court order granting a summary-judgment motion filed by appellees and denying his cross-motion in a suit he filed seeking money damages from a former employer and co-workers. We will affirm the district court's judgment.

Barefield is currently incarcerated in the Texas Department of Criminal Justice and has represented himself throughout the proceedings. Prior to his incarceration, Barefield was employed by appellee Lone Star Beef Processors, L.P. In July 2011, Barefield sued "Lone Star Beef Product" (i.e., Lone Star Beef Processors, L.P.), and various Lone Star employees[1] seeking to recover for alleged damages to his 2002 Land Rover that, according to Barefield, occurred while the vehicle

---

[1] Barefield alleged that appellee Herman Aguilar was Lone Star's "Safety Manager" and appellee Nat Leon its "Hiring Manager." Although Barefield named other Lone Star employees as defendants, there is no indication in the record that these individuals were served, answered, or appeared.

was parked in the Lone Star employee parking lot on September 28, 2008. Following this incident, Barefield further pled, he requested or demanded that Lone Star voluntarily provide him a security camera videotape that purportedly showed the damage-causing incident, his request was refused, and these exchanges led to his termination a few days later, on October 1 or 2, 2008. Barefield prayed for a total of $100,000 for "damages to vehicle" and "wrongful termination," including both "mental anguish that occurred to my vehicle," and "mental anguish because of the wrongful termination."

Appellees answered with a general denial, pled the affirmative defense of limitations, and specially excepted on the basis that Barefield had not pled facts or legal theories that would constitute a cognizable cause of action. Appellees subsequently moved for summary judgment on the grounds that Barefield, in essence, had pled himself out of court: his causes of action were predicated on alleged injuries occurring in September or October 2008, and he did not file suit until July 7, 2011, well beyond the applicable two-year limitations period. Appellees also asserted that Barefield had failed to plead facts that would establish a duty or breach that could be the basis for either of the asserted causes of action. In response, Barefield filed a "first motion for summary judgment and answer" that consisted solely of argument. Appellees countered with a response to Barefield's motion that, in part, attached evidence demonstrating that Barefield had filed a parallel federal lawsuit that was dismissed as frivolous.

The district court granted appellees' summary-judgment motion without stating the grounds and denied Barefield's cross-motion. Barefield appeals both rulings. However, he does not challenge appellees' limitations ground, that ground is sufficient to support the judgment, and we must, accordingly, affirm. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Jack v. Holiday*

2

*World of Houston*, 262 S.W.3d 42, 49-50 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Britton v. Texas Dep't of Crim. Justice*, 95 S.W.3d 676, 681-82 (Tex. App.—Houston [1st Dist.] 2002, no pet.). In any event, Barefield's own pleadings conclusively establish that his claims are barred by any conceivably applicable statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2012); Tex Lab. Code Ann. § 21.256 (West 2006); *see also* Tex. R. App. P. 47.1(a). We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   August 31, 2012

3