**Wallace R. BRITTON, Sr. and Nancy Murphy, as next friend of Norman Britton, a minor, Appellants,**

v.

**The TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee.**

**No. 01-01-00461-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 2002.

Monica Celeste Vaughan, Houssiere, Durant & Houssiere, Houston, for Appellants.

Lori K. Erwin, Richard D. Naylor, Assistant Attorneys General, Assistant Attorneys General, Austin, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

TIM TAFT, Justice.

Appellants, Wallace R. Britton, Sr., and Nancy Murphy, as next friend of Norman Britton, appeal from an order sustaining the plea to the jurisdiction of appellee, the Texas Department of Criminal Justice ("TDCJ"), and rendering a final judgment dismissing appellants' claims. We determine whether we must affirm the order sustaining TDCJ's jurisdictional plea because appellants do not challenge all of the jurisdictional plea's grounds on appeal. We answer that question in the affirmative and affirm.

## Standard of Review

■■■ In deciding a plea to the jurisdiction, a trial court must consider the plaintiff's pleadings and any evidence pertinent to the jurisdictional inquiry. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex.2000); *see also Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001). We review an order on a plea to the jurisdiction by construing the pleadings in the plaintiff's favor and looking to the pleader's intent. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

## Factual Background

The following facts are viewed in the appropriate light. *See White*, 46 S.W.3d at

868; *Texas Ass'n of Bus.*, 852 S.W.2d at 446.

During the summer of 1995, the deceased, Wallace Britton, Jr., and approximately 45 other psychiatric inmates were being transported by bus from the Jester IV Unit near Richmond, Texas to a hospital in another city. The correctional officers accompanying the inmates on the bus were Charles Rinehart, James Holt, and Thomas Davis. The unairconditioned bus broke down in 100 degree weather. During the two-hour wait, no inmate was allowed off the bus, and all remained restrained. At the time, Britton was taking medication, prescribed by TDCJ's physicians, which predisposed him to heat stroke. Britton suffered a heat stroke that day and died two days later.

## Procedural History

Appellants sued TDCJ, Rinehart, Holt, Davis, and Wayne Scott, the Director of TDCJ, alleging state-law claims of negligence, wrongful death, and survival actions[1] and also section 1983 claims for violations of Britton's Due Process and Eighth Amendment rights. *See* 42 U.S.C.A. § 1983 (Supp.2002). All claims arose out of the alleged acts and omissions of TDCJ employees that allegedly led to Britton's death.

Scott moved for summary judgment on the grounds, among others, that he was entitled to official immunity on appellants' state-law claims and to qualified immunity on their section 1983 claims. *See Scott v.*

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Appellants allege that all defendants violated the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon & Supp.2003). As this Court noted in a related appeal, "The TTCA does not

create a cause of action. Rather, the TTCA merely waives sovereign immunity allowing the state to be sued under particular circumstances. We interpret the substance of [the] petition to allege negligence and wrongful death and survival actions." *Scott v. Britton*, 16 S.W.3d 173, 176 n. 2 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (citations omitted).

*Britton,* 16 S.W.3d 173, 176 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (considering Scott's interlocutory appeal in same lawsuit). Appellants moved for summary judgment against Scott's affirmative defenses. *See id.* The trial court denied Scott's summary judgment motions and sustained appellants' summary judgment motion. *See id.* On Scott's interlocutory appeal, this Court reversed the order and rendered judgment that appellants take nothing on their claims against Scott. *See id.* at 182. In reaching this conclusion, we held that Scott had proved as a matter of law that he was entitled to both official and qualified immunity in his individual capacity. *See id.* at 177–82.

Rinehart, Holt, and Davis also moved for summary judgment on the grounds that they were entitled to official immunity on the state-law claims and to qualified immunity on the section 1983 claims. *See Rinehart v. Britton,* No. 14–99–01076–CV, slip op. at 2–3, 2000 WL 1715902 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (not designated for publication) (considering Rinehart, Holt, and Davis's interlocutory appeal in same lawsuit). Appellants moved for summary judgment against the three officers' affirmative defense of official immunity. *See id.* The trial court denied the officers' summary judgment motion and sustained appellants' summary judgment motion. *See id.* at 3. On Rinehart, Holt, and Davis's interlocutory appeal, the Fourteenth Court of Appeals reversed the order and rendered judgment that appellants take nothing on their claims against the three officers. *See id.* at 8. In reaching this conclusion, the Fourteenth Court of Appeals held that Rinehart, Holt, and Davis had proved as a

matter of law that they were entitled to official immunity.[2] *See id.* at 6–8.

After the two interlocutory appeals had become final, TDCJ filed a plea to the jurisdiction, asserting, among other grounds, that TDCJ retained sovereign immunity from suit because its four employees had official and governmental immunity for the same incident. The trial court sustained TDCJ's plea to the jurisdiction and dismissed appellants' claims against TDCJ.

### Affirmance Required for Failure to Assign Error

In two issues, appellants argue that the trial court erred in dismissing their claims against TDCJ because the TTCA waived TDCJ's immunity from suit.

As a governmental unit, TDCJ is immune from both suit and liability for damages related to Britton's death unless the TTCA waives that immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, 101.025 (Vernon 1997). Appellants relied on TTCA section 101.021 for that waiver. *See id.* § 101.021(1), (2). Section 101.021 provides as follows:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) *the employee would be personally liable to the claimant according to Texas law;* and

---

**2.** The Fourteenth Court of Appeals also held that, because it had determined that the three officers were entitled to official immunity,

there was no need to address their qualified-immunity defense. *See id.* at 8.

(2) personal injury and death so caused by a condition or use of tangible personal or real property *if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.*

*Id.* (emphasis added). Specifically, appellants alleged that TDCJ was liable (1) under section 101.021(1)(A) because Britton's death arose from the operation or use of the bus and (2) under section 101.021(2) because the hand restraints used on Britton, the medication given him, and the bus were "condition[s] or use[s] of tangible personal ... property." *See id.*

■ TDCJ asserted six grounds in its jurisdictional plea. One of these grounds claimed that because two appellate courts had held that Rinehart, Holt, Davis, and Scott enjoyed official and governmental immunity from the torts underlying appellants' claims against TDCJ, neither section 101.021(1) nor 101.021(2) waived TDCJ's immunity from suit.[3] The trial court sustained TDCJ's jurisdictional plea without specifying the grounds for its ruling. On appeal, appellants attack only two of the six grounds raised in TDCJ's plea and on which the trial court could have based its ruling.[4] For example, appellants do not assign as error the plea's "official-immunity" ground mentioned above. In fact, appellants' brief does not even mention the plea's official-immunity ground. Neither did appellants raise the official-immunity ground by reply brief, although TDCJ discussed the ground in its appellee's brief.

■ The jurisdictional plea's official-immunity ground is the type that could, if meritorious (an issue that we need not decide), support dismissing all claims against TDCJ.[5] The plea's official-immuni-

**3.** The five other grounds were as follows: (1) Britton's death did not arise from the bus's operation, so that section 101.021(1) did not waive TDCJ's immunity from suit; (2) the use or condition of the bus, medication, and restraints could not, as a matter of law, form the basis of TDCJ's liability, so that section 101.021(2) did not waive TDCJ's immunity from suit; (3) the transportation, assignment, and classification of inmates was based upon the information in an inmate's file, and information is not tangible personal property, so that section 101.021(2) did not waive TDCJ's immunity from suit; (4) the TTCA limited TDCJ's liability; and (5) appellants' section 1983 claims against TDCJ failed because liability under respondeat superior is not recognized under section 1983 and because TDCJ is not a "person" within the meaning of section 1983.

**4.** One of appellants' two issues on appeal asks "[w]hether the [TDCJ] possesses immunity from suit." Although this is broad wording that could theoretically encompass all six of the jurisdictional plea's grounds, the argument under both issues encompasses only two of the six grounds. The quoted issue is thus limited to a challenge of the two grounds actually discussed and does not include a challenge to the plea's remaining

four grounds. *Cf. Maranatha Temple, Inc. v. Enter. Prods. Co.,* 893 S.W.2d 92, 105–06 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (concluding that, when party attacking summary judgment asserts point of error generally challenging the granting of summary judgment, rules of appellate procedure still require that party to support that general point of error with specific argument; thus declining to review summary judgment grounds for which no argument was made in support, despite assertion of general point of error that summary judgment was erroneous); *Bailey v. Gulf States Util. Co.,* 27 S.W.3d 713, 716–17 (Tex.App.-Beaumont 2000, pet.denied) (holding that, despite broadly worded point of error attacking summary judgment order, appellant still has duty to make arguments on the summary judgment's grounds); *Pena v. State Farm Lloyds,* 980 S.W.2d 949, 959 (Tex.App.-Corpus Christi 1998, no pet.) (same).

**5.** *See DeWitt v. Harris County,* 904 S.W.2d 650, 653–54 (Tex.1995); *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993); *see also* TEX. CIV. PRAC. & REM CODE ANN. § 101.021(1)(B), (2). Given our disposition, we need not decide if the other three unchallenged grounds could independently have fully supported the trial court's ruling.

ty ground is thus an independent basis supporting the ruling that granted the jurisdictional plea and dismissed appellants' claims. Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *See, e.g., Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex.App.-San Antonio 1996, writ denied); *see generally* ROY W. MCDONALD & ELAINE GRAFTON CARLSON, 6 TEXAS CIVIL PRACTICE § 38:4, 1026–27 (2nd ed.1998) [hereinafter "McDonald & Carlson"]. If an appellant does not, then we must affirm the ruling or judgment. *See, e.g., Harris*, 924 S.W.2d at 188; McDonald & Carlson, § 38:4, 1026–27. This rule is based on the premise that an appellate court normally cannot alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993).[6] The reasoning is that, if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground, *see Walling*, 863 S.W.2d at 58, and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.

■■■■ The rule that an appellant must attack all independent grounds supporting a judgment has been applied in many instances. For example, when a summary judgment motion alleges multiple grounds and the order granting summary judgment does not specify the ground on which the summary judgment was rendered, the appellant must challenge and negate all summary judgment grounds on appeal. *See Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex.App.-Houston [1st

---

**6.** An exception to the rule that an appellate court may not reverse for unassigned error exists when trial court commits fundamental error by, for example, exercising jurisdiction over claims over which it has no subject-matter jurisdiction. *See Pirtle v. Gregory*, 629 S.W.2d 919, 919–20 (Tex.1982) ("Fundamental error survives today in those rare instances in which the record shows *the court lacked jurisdiction* or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.") (emphasis added). In an appeal properly before it, an appellate court may always address fundamental error, even without an appellate challenge. *See McCauley v. Consol. Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957) (in holding that supreme court had power to revise lower-court judgment for unassigned fundamental error, recognizing power of intermediate appellate courts to do same); *Cotton v. Cotton*, 57 S.W.3d 506, 509–10 (Tex.App.-Waco 2001, no pet.) (reversing on unassigned fundamental error of lack of personal jurisdiction over defendant, which error made trial court's judgment void); *cf. Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex.1991) (holding, "[L]ack of jurisdiction is fundamental error and may be raised for the first time before this court."). Thus, for example, if a trial court *overrules* a jurisdictional plea and *accepts* jurisdiction over certain claims, there is a chance (*i.e.*, if the trial court was wrong) that the court might then exercise jurisdiction over claims that it lacked jurisdiction to consider. In contrast, that potential problem cannot arise with an order sustaining a jurisdictional plea and dismissing claims for want of subject-matter jurisdiction. This is because an order sustaining a jurisdictional plea is an order *declining to exercise jurisdiction*. Thus, for example, if the trial court has jurisdiction over certain claims, but mistakenly believes that it does not, then its decision not to exercise jurisdiction over those claims will be erroneous, but will not result in subsequent actions that are void. That is, there is no danger that the court will entertain claims over which it has no jurisdiction because it has already dismissed the claims for which that might have been true. For these reasons, the fundamental-error exception to the rule that an appellate court may reverse only upon assigned error does not apply to an order sustaining a jurisdictional plea and dismissing claims for want of subject-matter jurisdiction.

Dist.] 2002, no pet.); *Armbruster v. Mem'l S.W. Hosp.*, 857 S.W.2d 938, 941 (Tex. App.-Houston [1st Dist.] 1993, no writ). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis*, 68 S.W.3d at 898. Similarly, an appellate court will overrule a challenge to fact findings that underpin a legal conclusion or disposition when other fact findings that also support that legal conclusion or disposition go unchallenged. *See In the Matter of L.R.*, 67 S.W.3d 332, 339 (Tex.App.-El Paso 2001, no pet.). The same result obtains when more than one legal conclusion independently supports a judgment or ruling, but the appellant challenges only one of those legal conclusions on appeal. *See Midway Nat'l Bank v. W. Texas Wholesale Supply Co.*, 453 S.W.2d 460, 460–61 (Tex.1970). Likewise, when independent jury findings fully support a judgment, an appellant must attack each independent jury finding to obtain a reversal. *See Harris*, 924 S.W.2d at 188.

The same logic applies to a plea to the jurisdiction, based on multiple grounds, that the trial court sustains without specifying grounds. At least one court of appeals has affirmed an order granting a jurisdictional plea without specifying grounds because the appellant did not challenge each ground asserted in the plea. *See Garcia v. Pharr, San Juan, Alamo Indep. Sch. Dist.*, 513 S.W.2d 636, 641–42 (Tex.Civ.App.-Corpus Christi 1974, writ ref'd, n.r.e.). We see no reason not to do the same.[7] Accordingly, we overrule both of appellants' issues, which challenge only some of the jurisdictional plea's grounds, because appellants do not challenge the sustaining of the jurisdictional plea on the alternative ground of official-immunity (among other grounds). *Cf. Ellis*, 68 S.W.3d at 898.

### Conclusion

We affirm the judgment of the trial court.

---

**7.** We distinguish this Court's opinion in *Producers Assistance Corp. v. Employers Insurance of Wausau*, 934 S.W.2d 796 (Tex.App.-Houston [1st Dist.] 1996, no writ). In *Producers*, the defendant filed a plea to the jurisdiction on the ground that the plaintiff had failed to exhaust administrative remedies. *Id.* at 797, 798. The trial court dismissed all but one claim, giving the reason that the plaintiff had failed to exhaust administrative remedies. *Id.* at 798. On appeal, the plaintiff's sole point of error was that the trial court erred in dismissing its claims pursuant to the jurisdictional plea because the court had ignored an allegedly controlling case. *Id.* at 797–98. That supposedly controlling case "avoided the issue of jurisdiction and did not even mention exhaustion of administrative remedies." *Id.* at 798. By reply point on appeal, the defendant argued that the plaintiff had "waived" any complaint for failure to brief or assail the sole basis for dismissal. *Id.* We agreed that the plaintiff "failed to join issue in regard to its failure to exhaust administrative reme-

dies." *Id.* However, we went on to hold that we were "reluctant to find waiver *under these circumstances.*" *Id.* (emphasis added). We reasoned that the defendant cited no authority calling for waiver and that "subject-matter jurisdiction is an issue that must be decided as a matter of law whenever raised." *Id.* Although our statement in *Producers* that issues of subject-matter jurisdiction may be raised any time was technically inapposite for the reasons discussed in footnote 6 above, the opinion's holding does not bar our holding here. This is true because the dismissal order in *Producers* had but one ground. By challenging the dismissal itself, the plaintiff must have been challenging the order's sole basis— or at least it would have been reasonable to construe the plaintiff's challenge as doing so. Here, in contrast, *multiple* grounds supported the judgment. No similar logic supports construing a point of error that challenges merely *some* of a ruling's possible grounds as attacking *all* of a ruling's possible grounds.