Dismissed in Part and Affirmed in
Part and Memorandum Opinion filed July 14, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00554-CV



 

Nathaniel Jones, III, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 133rd
District Court

Harris County, Texas

Trial Court Cause No. 2010-12124



 

MEMORANDUM  OPINION

 

Appellant attempts to appeal orders issued by the
133rd District Court in cause numbers 2010-12124, 2010-12966, 2010-14175,
2010-14176, and 2010-14736.  Because the only appealable order in this court’s
record is from cause number 2010-12124, we dismiss appellant’s attempted
appeals of the remaining cause numbers and affirm his appeal in cause number
2010-12124.

Appellant filed a motion to expunge the records of
his convictions in five cause numbers.  The trial court denied appellant’s
motion in cause number 2010-12124 because the statute of limitations had not
run.  With regard to the remaining four cause numbers, the trial court deferred
a ruling on appellant’s motion until after his trial.  Appellant filed a notice
of appeal listing all five cause numbers, but the record in this court only
contains an order denying expunction in cause number 2010-12124.  

In a single issue, appellant contends the trial court
erred in abating his four motions for expunction.  The trial court’s decision
to abate the motions is interlocutory.  Our record contains no final order
ruling on appellant’s motions for expunction.  Generally, appeals may be taken
only from final judgments.  Lehmann v. Har‑Con Corp., 39 S.W.3d
191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if permitted
by statute.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352
(Tex. 2001).  Because we do not have jurisdiction over the trial court’s
interlocutory order abating the four motions for expunction, we dismiss
appellant’s appeal of cause numbers 2010-12966, 2010-14175, 2010-14176, and
2010-14736.  

After receiving appellee’s brief, appellant filed a
motion to abate the appeal to permit him to file notices of appeal from the
four abatement orders.  Because those orders are interlocutory, appellant’s
motion is denied.  When the orders become final appellant may file timely
notices of appeal at that time.

Appellant failed to raise any issue complaining of
the trial court’s order denying expunction in cause number 2010-12124.  An
appellant must attack all independent bases or grounds that support the trial
court’s judgment.  See Britton v. Texas Dep’t of Criminal Justice, 95
S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  If an
independent ground fully supports the judgment, but the appellant assigns no
error to that independent ground, we may affirm the judgment on that basis.  Id. 
Because appellant failed to complain about the only order he appealed, we
affirm the trial court’s order denying expunction.

Appellant’s attempted appeal of cause numbers
2010-12966, 2010-14175, 2010-14176, and 2010-14736 is dismissed.  The trial
court’s judgment in cause number 2010-12124 is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Boyce.