Opinion issued October 27, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00941-CV

———————————

Demetrius J. Wright,
Appellant

V.

City of Houston, Appellee



 



 

On
Appeal from the 269th District Court

Harris
County County, Texas



Trial Court Case No. 2009-38972

 



 

MEMORANDUM OPINION

Appellant, Demetrius J. Wright, appeals
the trial court’s grant of summary judgment in favor of appellee, the City of
Houston, on his racial discrimination and retaliation claims.  In three issues, Wright argues (1) there were
material questions of fact preventing the trial court from granting summary
judgment on his claims; (2) the trial court misapplied the law in the motion
for summary judgment and his motion for new trial; and (3) the trial court
erred in striking his supplement to his motion for new trial.

We affirm.

                                                                                                                                                                
Background

Wright filed charges of discrimination and retaliation
with the Equal Employment Opportunity Commission and the Texas Workforce Commission,
Civil Right Division.  After receiving a
right to sue letter from the Texas Workforce Commission, Wright filed suit in
Texas state court.  He asserted claims of
racial discrimination based on disparate treatment and retaliation against the
City of Houston.

The City of Houston moved for summary judgment on both
claims.  The trial court granted summary
judgment in favor of the City of Houston. 
Wright filed a motion for new trial. 
Two weeks later, Wright filed a supplement to his motion for summary
judgment, prepared and signed by him even though he was represented by
counsel.  The trial court granted the
City of Houston’s motion to strike the supplement to the motion for new trial
and then denied Wright’s motion for new trial. 
Wright appealed.

                                                                                                                                                                         
Analysis

An appellant must attack all independent grounds that
fully support an adverse ruling; if he fails to do so, we must affirm the trial
court’s judgment.  Britton v. Texas Dep’t of Criminal Justice, 95 S.W.3d 676, 681
(Tex. App.—Houston [1st Dist.] 2002, no pet.). 
When the grant of summary judgment rests on several independent grounds,
appellant must assign error to each independent ground on appeal or the summary
judgment will stand on any omitted ground regardless of the merits of that
ground.  Jack v. Holiday World of Houston, 262 S.W.3d 42, 50 (Tex.
App.—Houston [1st Dist.] 2008, no pet.).  
When the unchallenged independent ground fully supports the trial
court’s judgment, any error in the grounds challenged on appeal is
harmless.  Britton, 95 S.W.3d at 681.

Wright brought claims of racial discrimination based on
disparate treatment and retaliation against the City of Houston.  In its motion for summary judgment, the City
of Houston sought summary judgment on the grounds that (1) Wright had failed to
exhaust his administrative remedies for many of his alleged bases for
discrimination and retaliation; (2) most of Wright’s claims of adverse
employment actions for his racial discrimination claim did not constitute
adverse employment actions; (3) Wright could not show he was subject to
disparate treatment for his racial discrimination claim; (4) it had provided a
legitimate, non-discriminatory reason for its actions forming the basis of
Wright’s racial discrimination claim; (5) Wright did not engage in a protected
activity for his retaliation claim; and (6) Wright could not show a causal
connection between any protected activity and an adverse employment action for
his retaliation claim.  The trial court
granted summary judgment without specifying the grounds.

On appeal, Wright argues (1) most of the facts in the
affidavits presented by the City of Houston were factually insufficient,
without identifying which facts or how they were factually insufficient; (2)
the City of Houston failed to show a legitimate, non-discriminatory reason for
its actions; (3) the trial court erred by not applying the “cat paw” theory in
his case; and (4) the trial court erred by striking his supplement to his
motion for new trial.  With the exception
of whether the City of Houston established a legitimate, non-discriminatory
reason for its actions forming the basis of Wright’s racial discrimination
claim, Wright does not otherwise address in his brief the grounds upon which
the City of Houston sought summary judgment. 


The City of Houston’s third ground for summary judgment is
an independent ground that would fully support the trial court’s grant of
summary judgment on his racial discrimination claim.  See AutoZone,
Inc. v. Reyes, 272 S.W.3d 588, 594 (Tex. 2008) (holding employee claiming
discrimination based on disparate treatment must show that the comparable
treatments were “nearly identical”). 
Similarly, the City of Houston’s fifth and sixth grounds for summary
judgment are each independent grounds that would fully support the trial
court’s grant of summary judgment on his retaliation claim.  See Dias
v. Goodman Mfg. Co., L.P., 214 S.W.3d 672, 676 (Tex. App.—Houston [14th
Dist.] 2007, pet. denied) (holding plaintiff in retaliation claim must make
prima facie showing he engaged in a protected activity, an adverse employment
action occurred, and a causal connection between the protected activity and the
adverse employment action).  Because
these unchallenged grounds fully support the trial court’s judgment, we must affirm
the trial court’s judgment and hold that any error in the grounds challenged on
appeal is harmless.  See Britton, 95 S.W.3d at 681.

While Wright does attempt to address these issues in his
reply brief after they were addressed in the City of Houston’s brief, this is
insufficient.  “It is well-settled that Rule
38.3 of the Texas Rules of Appellate Procedure does not allow an appellant to
include in a reply brief a new issue in response to a matter pointed out in
appellee’s brief but not raised by the appellant's original brief.”  In re
TCW Global Project Fund II, Ltd., 274 S.W.3d 166, 171 (Tex. App.—Houston
[14th Dist.] 2008, orig. proceeding); see
also Tex. R. App. P. 38.3.

We overrule all of appellant’s issues on appeal.




 

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.