**Opinion issued August 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-10-00231-CV

_____

**SABRINA K. TAYLOR, Appellant**

**V.**

**MICHAEL ALLON, M.D. AND CHRISTUS ST. CATHERINE HOSPITAL,
Appellees**

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2009-60378**

---

**MEMORANDUM OPINION**

Sabrina Taylor sued Dr. Michael Allon and Christus St. Catherine Hospital

("Christus St. Catherine") for medical malpractice.  The trial court dismissed

Taylor's suit due to her failure to file a sufficient expert report. In two issues, Taylor (1) requests that we vacate the trial court's order finding her appeal to be frivolous and (2) contends that the trial court erroneously denied her motion to sanction the defendants for filing unredacted medical records containing Taylor's personal identifying information.

We affirm.

## Background

In September 2007, Dr. Allon performed several surgical procedures on Taylor at Christus St. Catherine. Taylor subsequently developed a Methicillin-Resistant Staphylococcus Aureus ("MRSA") infection. She later sued both Dr. Allon and Christus St. Catherine for negligence and gross negligence.

Taylor served Dr. Allon and Christus St. Catherine with the expert report of Dr. Al Davies, a board certified internal medicine physician. Under the "Negligence" section of the report, Dr. Davies stated,

> The existence of a wound infection is not prima facie evidence for negligence. There is no specific documented event that was inherently negligent on the part of Dr. Allon or Christus St. Catherine. That is not to say there was no negligence, but just to say that if a negligent act were to have been committed, such was not objectively documented.

Dr. Davies then stated the following under the "Causation" section of the report:

> Wound infections with MRSA typically result in patients with underlying illness such as diabetes which Ms. Taylor did not have. When MRSA infections occur in otherwise immunocompetent people,

2

there is a suspicion that someone or some instrument touched the wound to deliver MRSA to the wound. However, in this case there is no documentation of such a contaminating event. Candidate events include Dr. Allon touching the wound, contamination during surgery, nurses touching the wound or even the area around the wound, a contaminated IV spreading MRSA to the wound via the blood, Ms. Taylor herself touching the wound or around the wound, visitors, if there were any, and on and on. In short, *while it is obvious that MRSA got into the wound there is no specific objective evidence how that contamination occurred in this case. It is not even reasonable to assert that the only way MRSA got there was via the physician or hospital personnel or equipment*, since there is strong evidence that patients and visitors are often found to be the source that contaminates a wound. The onset of symptoms so rapidly postoperatively is in favor of the possibility that Ms. Taylor already had MRSA on her body as of the time of the surgery, potentially leading to rapid spread to the wound.

(Emphasis added.) In summarizing his opinions, Dr. Davies stated, "I cannot objectively connect the events of the infection to any specific documented negligence on the part of Dr. Allon or Christus St. Catherine Hospital." Dr. Davies did not state in his report what the applicable standard of care was or how he believed Dr. Allon and Christus St. Catherine breached the standard of care.

Dr. Allon and Christus St. Catherine both moved to dismiss Taylor's suit for failing to file an expert report that complied with Civil Practice and Remedies Code section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6) (Vernon 2011) (defining "expert report" as "a written report by an expert that provides a fair summary of the expert's opinion as of the date of the report regarding applicable standards of care, the manner in which the care rendered by

3

the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed"). In response, Taylor requested a 30-day extension to cure any deficiencies in the expert report. *See id.* § 74.351(c) (allowing court, in its discretion, to grant claimant one 30-day extension to cure deficiencies in expert report).

The trial court denied Taylor's request for a 30-day extension. It granted Dr. Allon's and Christus St. Catherine's motions to dismiss and dismissed Taylor's suit with prejudice. Taylor appealed the trial court's dismissal of her suit to this Court.

After filing her notice of appeal, Taylor filed an affidavit of inability to pay costs and requested that she be allowed to proceed on appeal with a free record. The district clerk contested Taylor's indigency affidavit, and the trial court sustained this contest. In a memorandum order issued on July 21, 2011, a panel of this Court reversed the trial court's order sustaining the contest to Taylor's indigency affidavit and ordered the trial court to make a finding of whether Taylor's appeal of the underlying judgment was frivolous pursuant to Civil Practice and Remedies Code section 13.003. *See id.* § 13.003(a) (Vernon 2002) (providing that appellant is entitled to free record on appeal if she files affidavit of inability to pay costs and trial court finds that appeal is not frivolous and record is needed to decide issues presented on appeal).

4

After the trial court failed to file findings on the frivolousness issue with this Court, the Court issued an order of abatement on November 1, 2011, in which it ordered the trial court "to conduct a hearing and to make appropriate findings on the frivolousness issue." Dr. Allon and Christus St. Catherine then filed with the trial court a joint motion to declare Taylor's suit frivolous, arguing that Taylor's claims had no arguable basis in law or fact. Taylor responded and argued that she had produced a "good-faith expert report by a qualified expert within the 120 day period."

The trial court held a hearing on the frivolousness issue on January 5, 2012. The court allowed Taylor to testify concerning the factual basis for her claims and her use of Dr. Davies' expert report. At this hearing, Taylor requested that the trial court sanction Dr. Allon and Christus St. Catherine because they had filed Taylor's medical records with the court, and these records contained unredacted personal identifying information, such as Taylor's Social Security number and driver's license number. The trial court declined to sanction Dr. Allon and Christus St. Catherine; instead, it required Dr. Allon and Christus St. Catherine to file redacted copies of Taylor's medical records. Following the hearing, the trial court found that Taylor presented no substantial question for appellate review and that her appeal of the underlying judgment was frivolous.

A panel of this Court affirmed that finding in an unpublished memorandum order on October 18, 2012. In that order, this Court noted that Dr. Davies did not discuss in his expert report the applicable standard of care, nor did he discuss the manner in which Dr. Allon and Christus St. Catherine allegedly breached the applicable standard of care, two elements that are required for an expert report to constitute a good-faith effort to comply with section 74.351. *See id.* § 74.351(r)(6) (stating requirements for expert reports). This Court also noted that Dr. Davies' report "call[ed] into question the causal relationship between" the defendants' conduct and Taylor's injury, failed to explain how the defendants' conduct caused Taylor's injury, and "questioned the reasonableness of attributing [Taylor's] injury to any conduct by [the defendants]." This Court concluded that the trial court did not abuse its discretion in determining that Dr. Davies' expert report did not constitute a good faith effort to comply with the statutory expert report requirements and in granting the defendants' motion to dismiss. This Court also concluded that the trial court did not abuse its discretion when it denied Taylor's request for a 30-day extension to cure the deficiencies in the expert report because, in attempting to cure the deficient report, Dr. Davies "would have had to fundamentally alter his opinion" concerning causation and add discussion of two elements that had been completely omitted from his initial report, which is not "the type of cure contemplated by section 74.351(c)."

6

This Court examined the record of the January 5, 2012 hearing on frivolousness as well as the records before the trial court at the time that it made its initial decision on the defendants' motions to dismiss, and we concluded that the trial court "properly exercised its discretion in determining that [Taylor's] expert report was incurably deficient" and that the trial court properly determined that there was no substantial question for appellate review and that Taylor's appeal of the underlying judgment was frivolous. After affirming the frivolousness finding, this Court then ordered the parties to file appellate briefs.

**Frivolous Appeal Finding**

In her first issue, Taylor requests that the Court vacate the trial court's finding that her appeal was frivolous and order a new hearing on the issue. Taylor also argues that the trial court's frivolousness order is invalid because this Court's November 1, 2011 abatement order required the trial court to determine if Taylor's appeal was frivolous, and "the only appeal at that time presented to the First Court of Appeals was Plaintiff appealing the lower court sustaining the contest of Plaintiff's Pauper's Affidavit."

In her appellate brief, Taylor ignores this Court's October 18, 2012 memorandum order affirming the trial court's frivolousness finding. A panel of this Court considered the evidence before the trial court at the time it ruled upon Dr. Allon's and Christus St. Catherine's motions to dismiss, Dr. Davies' expert

7

report, and the arguments of the parties at the frivolousness hearing.  In doing so, the panel held that the trial court did not abuse its discretion in granting the motions to dismiss and denying Taylor's request for a 30-day extension to cure the deficiencies in the expert report.  The panel also held that the trial court properly found that Taylor's appeal of the underlying judgment did not present a substantial question for appellate review and was frivolous.  Taylor did not move for rehearing of this Court's order, nor does she challenge this order in her appellate brief.  She makes no argument concerning the merits of either the trial court's frivolousness finding or this Court's frivolousness finding.  She does not argue that she has presented a substantial question appropriate for appellate review of the trial court's order granting the defendants' motions to dismiss.[1]  *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment.  If an appellant does not, then we must affirm the ruling or judgment.").

---

[1]     Taylor also argues in her first issue that "due to the lack of understanding of what [this Court] was seeking" in our abatement order, the trial court ought to have continued the hearing on frivolousness "until clarity was received from" this Court.  Taylor filed a "Motion for Clarity" in this Court on January 6, 2012, one day after the hearing on the frivolousness issue.  We dismissed this motion as moot when we issued our October 18, 2012 memorandum order.

8

Because this Court has already affirmed the trial court's finding that her appeal of the underlying judgment is frivolous and Taylor does not challenge this ruling, we overrule her first issue. *See id.*

**Motion for Sanctions**

In her second issue, Taylor contends that the trial court erred in denying her request for sanctions after Dr. Allon and Christus St. Catherine both filed unredacted medical records with the trial court that included her confidential identifying information. As support for her contention, Taylor cites Federal Rule of Civil Procedure 5.2, which addresses the protection of a party's personal information in federal court filings. *See* FED. R. CIV. P. 5.2 ("Privacy Protection For Filings Made with the Court").

Sanctions are employed by courts to promote compliance with particular rules and to deter abuse of those rules. *See, e.g.*, *Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004) (stating, in discovery-abuse context, that "[s]anctions are used to assure compliance with discovery [rules] and deter those who might be tempted to abuse discovery in the absence of a deterrent"); *Union Carbide Corp. v. Martin*, 349 S.W.3d 137, 144 (Tex. App.—Dallas 2011, no pet.) ("Discovery sanctions serve to secure compliance with the discovery rules, deter other litigants from abusing the discovery rules, and punish those who violate the discovery rules."). Rule 5.2 is the sole authority that Taylor cites as a basis for imposing

sanctions upon Dr. Allon and Christus St. Catherine. As both Dr. Allon and Christus St. Catherine point out, Federal Rule 5.2 is not applicable to this state court proceeding. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the *United States district courts . . . .*") (emphasis added). Taylor has cited no Texas law requiring redaction of personal information from documents filed with the court or providing that parties may be sanctioned for filing such unredacted documents with the court. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (holding that direct relationship must exist between offensive conduct and sanction imposed and that, for sanction to be just, sanction "must be directed against the abuse").

At the January 5, 2012 hearing on frivolousness, Taylor asked the trial court to sanction Dr. Allon and Christus St. Catherine for failing to redact her identifying information in the medical records that they filed with the court. She did not cite to the trial court any authority for imposing sanctions on this basis. Instead of imposing sanctions, the trial court required Dr. Allon and Christus St. Catherine to file redacted copies of Taylor's medical records that did not disclose her personal information. Because Taylor has identified no authority holding that Dr. Allon's and Christus St. Catherine's conduct in filing the unredacted records is sanctionable or that the trial court abuses its discretion if it declines to sanction parties for this conduct, we hold that the trial court did not abuse its discretion in

denying Taylor's request for sanctions. *See Cire*, 134 S.W.3d at 838 ("A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard.").

We overrule Taylor's second issue.

## Conclusion

We affirm the judgment of the trial court. All pending motions are dismissed as moot.

Evelyn V. Keyes<br>
Justice

Panel consists of Justices Keyes, Higley, and Bland.