

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00293-CV

IN THE INTEREST OF D.W. AND
K.W., CHILDREN

----------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 322-396129-06

----------

## MEMORANDUM OPINION[1]

----------

Alaa Weiss (Appellant) appeals the modification of the divorce decree in

Rania Arwani's (Appellee's) favor on the issues of travel and child support. In six

points of error, Appellant argues (1) the trial court erred by allowing Appellee's

expert to testify because the expert's opinions were not disclosed during

---

[1]*See* Tex. R. App. P. 47.4.

discovery, (2) the trial court erred by allowing Appellee's expert to testify because the expert was not qualified, (3) the admission of the expert's testimony probably caused an improper judgment, (4) the trial court's findings of changed circumstances are against the great weight and preponderance of the evidence, (5) the trial court abused its discretion by finding Appellant was intentionally unemployed or underemployed, and (6) the trial court abused its discretion when calculating Appellant's net resources. We sustain Appellant's first and third issues and reverse the trial court's order as to travel. We otherwise affirm the trial court's judgment.

## Background

The July 25, 2008 divorce decree between Appellant and Appellee contained a lengthy section regarding restrictions on international travel with the children. International travel with the children was restricted to countries that were compliant members of the Hague Convention on the Civil Aspect of International Child Abduction (the Hague Convention). The decree specifically stated that neither Dubai nor other countries from the United Arab Emirates (the UAE) were compliant with the Hague Convention.

In Appellee's June 20, 2011 "Second Amended Petition to Modify Parent-Child Relationship," she specifically sought modification to provide for travel with the children to include Dubai within the UAE. On May 24, 2013, the trial court signed an "Order in Suit to Modify Parent-Child Relationship." The order allowed for travel to Dubai with numerous terms and conditions. Within the trial court's

2

plenary jurisdiction, it thereafter signed a "Corrected and Nunc Pro Tunc Order in Suit to Modify Parent-Child Relationship." It also allowed for travel to Dubai with numerous terms and conditions. The trial court made a finding of intentional underemployment and increased the amount of child support from $513.32 per month to $1,242.47 per month.

## First Issue: Whether Appellee Properly Disclosed in Her Responses to Discovery Her Expert's Opinions and Methods Used in Arriving at His Opinions

In Appellant's first issue, he contends the trial court erred in allowing Appellee's expert, Tarik Nassar, to testify on the law in Dubai regarding the enforceability of an American family order because his opinions were not disclosed during discovery in compliance with rule 194.2(f) of the Texas Rules of Civil Procedure. Appellant filed a motion to exclude Appellee's expert and argued, among other reasons, that Appellee's designation was improper because it failed to provide the expert's opinion and the methods he used to arrive at his opinions. Tex. R. Civ. P. 194.2(f)(3). When Appellee called Nassar to testify at trial, Appellant objected to his testimony based upon Appellee's failure to provide her expert's opinion in response to requests for discovery as required by rule 194 of the Texas Rules of Civil Procedure. Appellant argued Nassar's testimony should be excluded under rule 193.6 of the Texas Rules of Civil Procedure. Because Appellant did not know the expert's opinion, Appellant claimed surprise. The trial court refused to exclude Nassar's testimony.

3

Appellee contends she sent Appellant her "Third Amended Responses to Respondent's Rule 194 Requests for Disclosure to Appellant" on March 5, 2012, which included Nassar's information. Appellee appears to understand Appellant's complaint as one of timeliness and not as one of a complete failure to respond.

Appellee's response was, in pertinent part,

> The subject matter Mr. Nassar is expected to testify as to is the law of Dubai, United Arab Emirates. Mr. Nassar will provide his expert opinion regarding all aspects of Dubai generally (including, but not limited to appearance, income level, safety, tourists and all other matters related to Dubai generally), and as a place to visit. Mr. Nassar will also provide his expert opinion regarding Dubai's history of cooperation with the United States, the enforceability of a judgment from a Texas District Court in Dubai (including proper enforcement procedure), as well as the enforceability of a contract executed by the parties concerning travel outside the United States, specifically to Dubai (including proper procedure). Mr. Nassar will also provide his expert opinion regarding solutions available in Dubai to assure the return of children traveling to Dubai with one parent to the other parent. Mr. Nassar will also provide his expert opinion regarding dowry's generally, and specifically the Dowry against the husband, including but not limited to enforcement of the Dowry in Dubai and other countries, and how the Dowry effects the husband generally, including but not limited to Husband's travel to Dubai and other Arab countries. Mr. Nassar's testimony will also be used for rebuttal as necessary.

Whether to admit or exclude evidence is within the trial court's sound discretion. *$27,877 v. State*, 331 S.W.3d 110, 120 (Tex. App.—Fort Worth 2010, pet. denied). A trial court abuses its discretion when it acts without any guiding rules or principles. *Id.* When determining whether a trial court abused its discretion, appellate courts must ascertain whether the trial court's finding served

4

the purpose of thwarting legal gamesmanship and trial by ambush. *Id.* Appellate courts review the trial court's decision relating to discovery sanctions under an abuse of discretion standard. *VingCard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, pet. denied). When reviewing a trial court's decision, appellate courts must determine whether the trial court's action was arbitrary or unreasonable. *Id.*

Rule 194.2(f)(2) requires a party to request disclosure of "the subject matter on which the expert will testify." Tex. R. Civ. P. 194.2(f)(2). The parties are not disputing Appellee complied with subsection (2) of rule 194.2(f).

Rule 194.2(f)(3) permits a party to request disclosure of "the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them." Tex. R. Civ. P. 194.2(f)(3); *VingCard A.S.*, 59 S.W.3d at 855. Additionally, when the expert is employed by the other party, as in this case, the party may request disclosure of "all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony." Tex. R. Civ. P. 194.2(f)(4)(A).

Appellee provided Nassar's name and the subject matter on which he would testify, but Appellant's request sought more than this. His request sought and required Appellee to provide the general substance of Nassar's mental impressions and opinions and a brief summary of the basis for them. Additionally, Appellee was required to provide any documents, data, or reports

5

provided to Nassar, reviewed by him, or prepared by or for him in anticipation of his testimony. Appellee provided none of this information. *See VingCard A.S.*, 59 S.W.3d at 855.

The rule requiring disclosure of the expert's testimony before trial is intended to provide adequate information about the expert's opinions to allow the opposing party the necessary information to prepare its cross-examination of the expert and to rebut this testimony with its own experts. *$27,877*, 331 S.W.3d at 119. When a party responds to a written discovery request, it must "make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made." Tex. R. Civ. P. 193.1; *$27,877*, 331 S.W.3d at 119–20. Not providing a response to a request for disclosure results in the automatic exclusion of the witness's testimony, unless the trial court finds good cause or lack of surprise or prejudice. Tex. R. Civ. P. 193.6; *$27,877*, 331 S.W.3d at 120; *VingCard, A.S.*, 59 S.W.3d at 856.

The failure to respond to a request for the mental impressions and opinions of the expert is a complete failure to respond, which triggers the automatic exclusion under rule 193.6. *$27,877*, 331 S.W.3d at 120; *VingCard, A.S.*, 59 S.W.3d at 856. Although Appellee identified Nassar and indicated he would give his opinions regarding the enforceability of foreign orders in Dubai, appellee never identified what those opinions were or how Nassar arrived at them. The trial court's ruling allowed trial by ambush. *See $27,877*, 331 S.W.3d at 120. Appellant did not have the information necessary to prepare his cross-

examination or to rebut this testimony with his own experts. *See $27,877*, 331 S.W.3d at 119. We conclude Appellee completely failed to comply with rule 194.2(f)(3), as distinguished from simply giving an incomplete answer, which would have required Appellant to take additional measures to compel fuller compliance. *Compare VingCard, A.S.*, 59 S.W.3d at 856 (finding complete failure to respond), *with $27,877*, 331 S.W.3d at 121 (holding response was sufficient to allow meaningful cross-examination). We sustain Appellant's first issue.

### Second Issue: Whether Nassar Qualified as an Expert

In Appellant's second issue, he contends Nassar did not qualify as an expert. Because we sustained Appellant's first issue, we need not address his second issue.

### Third Issue: Whether the Admission of Nassar's Testimony Probably Caused an Improper Judgment

In Appellant's third issue, he argues that the trial court's erroneous admission of Nassar's testimony probably caused an improper judgment. To constitute reversible error, the trial court's error in the admission or exclusion of the evidence must have probably caused an improper judgment. *VingCard, A.S.*, 59 S.W.3d at 857.

Nassar was Appellee's primary means of showing that if the children traveled to Dubai, Appellant could still rely upon legal means to enforce his rights. Appellee relies on the trial court's findings that support her ties to the

United States, such as the findings she is now a United States citizen and she is now engaged to a United States citizen, and the finding regarding her past compliance with court orders. Although those were contributing factors, we cannot say those were sufficient, standing alone, absent Nassar's assurances Dubai would recognize Appellant's legal rights.

Appellee also asserts the trial court took judicial notice of the laws of the UAE. Appellee does not state where in the record the trial court did so. Our review shows the trial court initially took judicial notice globally of the laws of "other states and . . .other countries" effectively because they could be "readily determined." The trial court also stated that it could take judicial notice at any point in the proceedings so timeliness was not an issue. The trial court was ostensibly relying on rule 201 of the Texas Rules of Evidence, which governs judicial notice generally. Tex. R. Evid. 201(b) ("A judicially noticed fact . . . [is] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned."); Tex. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). However, rule 203, not rule 201, of the Texas Rules of Evidence governs the process for taking judicial notice of the laws of other countries. Tex. R. Evid. 203. Later the trial court stated that it would "just wait" until the parties offered up the laws and that it would make its ruling at that time. When making its "just wait" comment, the trial court also referred to both rules 201 and 203 of the Texas Rules of Evidence. Our review of the record shows Appellant filed a motion for the trial court to take

8

judicial notice of some provisions in the United States Code regarding extradition and of section 152.105(c) of the Texas Family Code. The trial court later took judicial notice of a provision in the United States Code and a provision of the Hague Convention. It is not clear from our review of the record that either party ever asked the trial court to take judicial notice of the laws of the UAE or whether the trial court specifically took judicial notice of the laws of the UAE.

In its findings of fact, the trial court found that Nassar testified that Appellant and Appellee could enter a settlement agreement pursuant to "LAW 225 of the LAW OF LEGAL PROCEDURES IN THE UNITED ARAB EMIRATES" and that said settlement agreement was enforceable in the Dubai courts. Nassar did, in fact, testify to that. However, Appellant objected that the only law Appellee had provided him was Law 237. The trial court responded by stating that it took judicial notice of the laws of the UAE, which included Dubai. Our review of the record, however, shows the only laws provided in writing were "Article (237)" and "Article (238)." There is also a photograph of what appears to be a cover page for "Federal Law No. 11 of 1992 on the Issuance of the Civil Procedures Law as Amended by Federal Law No. (30) of 2005." Nassar testified that Law 225 could be found under Federal Law No. 11 as amended in 2005. In Conclusion of Law 15, the trial court wrote, "Judicial notice was taken of LAW 225 of the LAW OF LEGAL PROCEDURES IN THE UNITED ARAB EMIRATES." To the extent the trial court took judicial notice of and relied on Law 225, our

9

review of the record suggests the trial court could have done so strictly on the basis of Nassar's testimony and not upon a review of Law 225 itself.

We agree with Appellant that the improper admission of Nassar's testimony probably caused the rendition of an improper judgment. We sustain Appellant's third issue.

**Fourth Issue: Whether the Trial Court's Finding of Changed Circumstances Allowing the Children to Travel to Countries Not Compliant with the Hague Convention was Against the Great Weight and Preponderance of the Evidence**

In his fourth issue, Appellant contends the trial court's findings of changed circumstances allowing for travel to Dubai were against the great weight and preponderance of the evidence. Because we have sustained Appellant's first and third issues and are remanding the cause for a new hearing regarding whether travel with the children to Dubai should be authorized, resolution of Appellant's fourth issue is not necessary.

**Fifth Issue: The Finding of Intentional Unemployment or Underemployment**

The trial court made a finding that Appellant was intentionally unemployed or underemployed pursuant to section 154.066 of the Texas Family Code. Appellant limits his attack to amended findings 27, 28, 29, 29A, and 30. Appellant asserts the trial court abused its discretion in making these findings.

The specific finding of intentional unemployment or underemployment was finding 25. Appellant does not attack this finding. The specific conclusion of law based upon this finding is conclusion 18. Appellant does not attack this

10

conclusion. "'[A]n appellate court will overrule a challenge to fact findings that underpin a legal conclusion or disposition when other fact findings that also support that legal conclusion or disposition go unchallenged.'" *Howeth Invs., Inc. v. City of Hedwig Village*, 259 S.W.3d 877, 889 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (quoting *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 682 (Tex. App.—Houston [1st Dist.] 2002, no pet.)) (citing *Long v. Long*, 196 S.W.3d 460, 468–69 (Tex. App.—Dallas 2006, no pet.)).

Findings 27, 28, 29, 29A, and 30 show how the court arrived at Appellant's child support payments. The trial court arrived at these amounts not based on what Appellant could have earned but based on what Appellant had earned in wages, by the selling of his inventory, and as a recovery in a lawsuit. Inasmuch as the trial court was basing child support upon actual income, we hold the trial court's finding that Appellant was intentionally unemployed or underemployed is harmless.

For the reasons set out above, we overrule Appellant's fifth issue.

### Sixth Issue: Whether the Trial Court Abused its Discretion when Calculating Appellant's Child Support

In Appellant's sixth issue, he attacks the actual calculations inherent in findings 27 through 30.

Unless the complaining party can show a clear abuse of discretion, orders arising from a suit affecting the parent-child relationship will not be disturbed on appeal. *Hardin v. Hardin*, 161 S.W.3d 14, 18–19 (Tex. App.—Houston [14th

11

Dist.] 2004, pet. granted, judgm't vacated w.r.m.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without regard to any guiding rules or principles. *Id.* at 19. When determining whether an abuse of discretion has occurred, appellate courts view the evidence in a light most favorable to the trial court's decision and indulge every legal presumption in favor of its judgment. *Id.* When a court does not analyze or apply the law correctly, it abuses its discretion. *Id.* As an appellate court, we are mindful that the trial court, as the fact finder, had the discretion to not believe a witness's testimony. *Id.* at 23. The trial court is not required to accept a witness's evidence of his income and net resources as true. *Id.*

The trial court found that Appellant had net resources of approximately $126,000. In his brief, Appellant is able to reconstruct, from the evidence, how the trial court arrived at this number. Appellant effectively conceded the trial court was working from the evidence. Appellant then spends eleven pages disagreeing with the trial court on how it arrived at the results it did. Although we may agree that there were many ways in which to view the evidence, we cannot agree with Appellant that the trial court acted arbitrarily, unreasonably, or without regard to any guiding rules or principles. *See id.* at 19. This is especially true when viewing the evidence in a light most favorable to the trial court's decisions and indulging every legal presumption in favor of its judgment. *Id.* And this is true where the trial court was free to simply not believe Appellant or to believe Appellant only in part. *Id.* at 23. We overrule Appellant's sixth issue.

**Conclusion**

Having sustained Appellant's first and third issues, having determined resolution of Appellant's second and fourth issues was unnecessary, and having overruled his fifth and sixth issues, we reverse the trial court's order and remand the cause to the trial court for proceedings consistent with this opinion.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

GABRIEL, J. concurs without opinion.

DELIVERED:  March 19, 2015