**Opinion issued April 22, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00468-CV

————————————

**JERICA TICER, Appellant**

**V.**

**THEODORE B. SHYBUT, M.D. AND MARK ADICKES, M.D., Appellees**

———————————————————————

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-23649**

———————————————————————

## MEMORANDUM OPINION

Appellant Jerica Ticer sued appellees Theodore B. Shybut, M.D. and Mark Adickes, M.D. (together, defendant doctors) for medical negligence. As required by the Texas Medical Liability Act (TMLA), Ticer served the defendant doctors with an expert report. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a), (r)(6) (requiring

claimant who asserts "health care liability claim" to serve expert report describing applicable standard of care, how defendant's conduct failed to meet standard, and how such failure caused injury). After the trial court sustained the defendant doctors' objections to the report, Ticer supplied a revised expert report. The defendant doctors objected that the revised report's author was not qualified to render an expert opinion in the case and that the report's contents were insufficient to satisfy the TMLA's requirements. Based on their objections, the defendant doctors moved to dismiss Ticer's suit. The trial court sustained the objections and dismissed Ticer's claims. *See id.* § 74.351(b) (requiring dismissal of health care liability claim on defendant's motion when claimant fails to timely comply with expert report requirement).

On appeal, Ticer seeks reversal by asserting that her revised expert report complied with the TMLA. In so doing, she addresses some, but not all, of the grounds asserted below supporting dismissal of her claims. Under binding precedent, when the appellant fails to challenge every ground that could have support dismissal, we must affirm. We thus affirm here.

## Background

In her petition, Ticer asserted a negligence cause of action against the defendant doctors. She stated that Dr. Adickes performed four surgeries on her to relieve pain in her hip and leg. She alleged that the surgeries were unsuccessful and that she came "under the care" of Dr. Shybut with respect "to the next steps in her

2

course of treatment." She claimed that both doctors "ceased communications" with her despite her repeated attempts to reach them. She asserted that they "abandoned" her without providing "timely notice of this abandonment." She alleged this caused her to "miss[] opportunities to seek competent care in a timely manner due to the expectation that treatment from [the defendant doctors] would continue."

Ticer served the defendant doctors with an expert report prepared by Dr. Ashok Tholpady, a pathologist. The defendant doctors objected both to Dr. Tholpady's qualifications and also to the sufficiency of the report's contents under Section 74.351 of the TMLA. The trial court sustained the objections and gave Ticer 30 days to cure the deficiencies in the report.

Ticer served the defendant doctors with a revised report prepared by Dr. Tholpady. The defendant doctors again objected that Dr. Tholpady was not qualified to render an opinion in the case. They also objected that the revised report was insufficient to meet the requirements of Section 74.351. Among their objections, the defendant doctors asserted that the revised report:

- "[did] not identify the standard of care that was applicable to each of the Defendants, nor how or when each of the Defendants breached the standard of care";

3

- "improperly lump[ed] both Defendants together and fail[ed] to set forth the specific standard of care, breach and causation opinions as to each Defendant"; and

- "[did] not explain any of the components of proximate cause for any Defendant."

Based on the objections, the defendant doctors moved to dismiss Ticer's claims. The trial court signed an order (1) sustaining the defendant doctors' "objections" to the revised expert report, (2) granting their motion to dismiss, (3) dismissing Ticer's claims with prejudice, and (4) ordering Ticer to pay the defendant doctors $35,000 in attorney's fees and costs.

In one issue on appeal, Ticer contends that the trial court erred in dismissing her claims under the TMLA. She argues that Dr. Tholpady was qualified to submit an expert report and that the revised report "met the causation requirement." But Ticer does not address the defendant doctors' objections—sustained by the trial court—that Dr. Tholpady did not adequately address the applicable standard of care.

## The TMLA Contains Expert Report Requirements

The TMLA requires healthcare liability claimants to serve a defendant healthcare provider with a timely and adequate expert report. TEX. CIV. PRAC. & REM. CODE § 74.351(a), (*l*). A trial court may grant a motion challenging the adequacy of an expert report if it appears to the court "that the report does not

represent an objective good faith effort to comply with the [TMLA's] definition of an expert report." *Baty v. Futrell*, 543 S.W.3d 689, 693 (Tex. 2018) (quoting TEX. CIV. PRAC. & REM. CODE § 74.351(*l*)); *see also* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6) (defining "expert report" as one that gives fair summary of opinions on standard of care, breach, and causation). The TMLA "allows a claimant a thirty-day period to cure deficiencies before the trial court finally determines that the report is inadequate and the claim must be dismissed." *Scoresby v. Santillan*, 346 S.W.3d 546, 556 (Tex. 2011).

To be adequate, an expert report must represent "an objective good faith effort to provide a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Walker v. Baptist St. Anthony's Hosp.*, 703 S.W.3d 339, 342–43 (Tex. 2024) (quoting TEX. CIV. PRAC. & REM. CODE § 74.351(l), (r)(6)) (internal quotation marks omitted)). To satisfy the standard-of-care requirement, "an expert report must identify a specific act the physician or health care provider was required to perform or refrain from performing, and explain how he or she failed to fulfill his or her duty." *Hanna v. Turner*, No. 01-24-00005-CV, 2024 WL 3259850, at *5 (Tex. App.—Houston [1st Dist.] July 2, 2024, no pet.); *see Baty*, 543 S.W.3d at 694–95. If the standard of care can only be inferred from

5

the expert report, the report is inadequate. *See Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 880 (Tex. 2001).

**Failure to Challenge Every Dismissal Ground Results in Affirmance**

"When a trial court issues an adverse ruling without specifying the grounds, we presume the trial court considered all the asserted grounds supporting dismissal." *Vo v. Iyer*, No. 14-18-01051-CV, 2020 WL 3698032, at *2 (Tex. App.—Houston [14th Dist.] July 7, 2020, no pet.) (affirming dismissal under TMLA); *see RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 434 (Tex. 2016). An appellant must attack all independent bases or grounds supporting the challenged judgment. *See RSL Funding*, 499 S.W.3d at 434; *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

If an independent ground fully supports the judgment, but the appellant does not challenge it, "we must accept the validity of that unchallenged independent ground," and "any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Britton*, 95 S.W.3d at 681. As a result, when an appellant does not challenge an independent ground supporting the judgment, we must affirm. *See RSL Funding*, 499 S.W.3d at 434; *Britton*, 95 S.W.3d at 681.

This principle of law requires affirmance here. Among their objections, the defendant doctors asserted as independent grounds for dismissal that the revised

6

expert report "[did] not identify the standard of care that was applicable to each of the Defendants" and "fail[ed] to set forth the specific standard of care" as required by the TMLA. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6); *Walker*, 703 S.W.3d at 342. In its dismissal order, the trial court expressly granted the defendant doctors' "objections" to the revised expert report without limiting its ruling to any specific objections or grounds. Thus, on appeal, Ticer was required to challenge all independent grounds supporting the dismissal order, including the ground that the revised report failed to identify the applicable standards of care. *See RSL Funding*, 499 S.W.3d at 434; *Britton*, 95 S.W.3d at 681.

On appeal, Ticer challenges the dismissal order on the bases that Dr. Ashok Tholpady was qualified as an expert and that the revised report sufficiently addressed causation. Ticer failed to address the defendant doctors' objections, sustained by the trial court, to the revised report's failure to identify the applicable standard of care. But this was an independent ground supporting dismissal. Because Ticer does not challenge the trial court's dismissal of her claims on that ground, we must affirm the trial court's judgment on that basis. *See RSL Funding*, 499 S.W.3d at 434 (appellate court correctly affirmed trial court's order because appellant failed to challenge on appeal one ground supporting order); *Britton*, 95 S.W.3d at 681 (appellate court must affirm trial court's judgment when appellant fails to attack all independent bases or grounds supporting judgment); *see, e.g.*, *Vo*, 2020 WL 3698032, at *2 (affirming

7

dismissal under TMLA because appellant failed to challenge on appeal all grounds supporting dismissal).

We overrule Ticer's sole issue.

## Conclusion

We affirm the judgment of the trial court.[1]

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

---

[1]    In their brief, the defendant doctors ask that we affirm the trial court's judgment but also remand the case "back to the trial court for consideration of appellate costs and fees." The trial court's judgment awarded the defendant doctors $35,000 for "attorney's fees and costs" but did not separately include conditional appellate attorney's fees or appellate costs. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b)(1) (permitting award of attorney's fees and costs to health care provider in order dismissing claims for failure to timely file expert report). In their motion to dismiss, the defendant doctors asked for "their reasonable attorney's fees and costs of court incurred," but they did not request appellate attorney's fees and appellate costs. Nor does the record reflect what evidence of attorney's fees was presented in the trial court. By seeking remand for an award of appellate attorney's fees and costs, the defendant doctors seek to alter the trial court's judgment by pursuing a more favorable judgment than awarded. A request to alter the trial court's judgment can only be considered when the party seeking the alteration has filed a notice of appeal or provides "just cause" for granting the party more favorable relief. *See* TEX. R. APP. P. 25.1(c); *Reich & Binstock, LLP v. Scates*, 455 S.W.3d 178, 185 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). The defendant doctors have not filed a notice of appeal or provided a reason for this Court to find "just cause." Accordingly, we deny the defendant doctors' request for remand for consideration of appellate attorney's fees and costs. *See* TEX. R. APP. P. 25.1(c); *Scates*, 455 S.W.3d at 185.