**MODIFY, AFFIRM, REVERSE, and REMAND; and Opinion Filed September 18, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00531-CV

**REGIONS BANK, Appellant**

**V.**

**JEFFREY BAY, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-09203**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

Appellant Regions Bank appeals a judgment in favor of appellee Jeffrey Bay for breach of an escrow agreement. In four points of error, Regions contends (1) it did not breach the Escrow Agreement, (2) there is insufficient evidence of causation, (3) there is insufficient evidence to support the award of attorneys' fees, and (4) the trial court erred in failing to apportion fault or allow a settlement credit. For the following reasons, we modify the trial court's judgment to reduce the trial court's damages award by $10,000, otherwise affirm the judgment as to damages, and reverse the attorney's fees award and remand that claim to the trial court for further proceedings.

Jeffrey Bay agreed to invest $500,000 of his personal funds in a joint venture called the Midland Basin Lease Acquisition Joint Venture (the JV) that was to acquire oil and gas leases. Bay subsequently sued the JV and the individuals that marketed the interest to him, Joel Johnson

and Tony Morrison. Bay also sued appellee Regions, the escrow agent that was to hold the investors' funds under terms specified in an escrow agreement. According to Bay, the JV never acquired any oil and gas leases and Morrison and Johnson committed fraud and various securities violations to acquire his $500,000. Bay's claim against Regions was based on its alleged breach of the Escrow Agreement that was intended to protect investors' funds. According to Bay, Regions's breach resulted in the loss of his entire investment. Following a bench trial, the trial court rendered judgment in favor of Bay for $500,000. Regions appeals.

In its first point of error, Regions asserts it did not breach the Escrow Agreement as a matter of law. Bay alleged Regions breached the Escrow Agreement by disbursing his funds without first obtaining a letter from counsel that was a prerequisite to disbursement. Section 4(a) of the Escrow Agreement required, among other things, that before Regions could disburse any funds it was to receive "[a]n opinion of counsel to Underwriter that (a) the Shares described in the Offering Document have been registered or are exempt from registration under the Securities Act of 1993 and have been registered or are exempt from registration under applicable state securities laws . . . ." The trial court found Regions breached the Agreement because it did not receive such an opinion letter. According to Regions, there is no evidence to support this finding.

Whether a party has breached a contract is a question of law when the facts of the parties' conduct are undisputed or conclusively established. *Groham v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010). Because the facts surrounding Regions's conduct are not disputed, we consider whether Regions's conduct breached the Escrow Agreement as a matter of law.

According to Regions, there is no evidence to show it breached the Escrow Agreement by failing to obtain a letter from counsel because it did obtain such a letter. It relies on a letter prepared by Ralph Janvey, a securities lawyer, stating that it was his opinion that the "offering"

–2–

was a "private placement designed to be exempt under Section 4(2) of the Securities Act of 1933 . . . ." According to Regions, this letter satisfied the contractual requirement and it was under no duty to determine whether the letter was "was true or accurate." The plain language of the Escrow Agreement required an opinion from counsel that the shares were either registered or were exempt from registration. Regardless of whether Regions had an obligation to determine whether the Janvey letter was "true or accurate," the letter did not, on its face, provide the opinion required by the Agreement. Rather, the letter stated only that the "offering" was "designed" to be exempt. Janvey did not provide an opinion or purport to provide an opinion as to whether the actual shares were in fact exempt from registration. Janvey himself testified he was not asked to provide, and did not provide, an opinion as to whether the securities were in fact exempt. Moreover, he testified that to provide such an opinion, he would have had to become much more involved in the offering process, the solicitation process, and the sales process. We conclude the evidence is sufficient to show Regions breached the Escrow Agreement by disbursing funds without having obtained the opinion letter required by the Escrow Agreement. We overrule Regions's first point of error.

In its second point of error, Regions contends "there is insufficient evidence of causation." According to Regions, Bay failed to prove any breach of the Escrow Agreement was the "proximate cause" of his loss. In its findings of fact and conclusions of law, the trial court found that Regions's failure to follow the strict terms of the Escrow Agreement was the proximate cause of Bay's loss. In the alternative, the trial court also determined that under the terms of the Escrow Agreement, the money remained Bay's because the conditions for release of Bay's money were never met. Thus, the trial court determined that Regions was deemed to be holding Bay's money as a depository and it was therefore required to return Bay's money to him.

We begin by observing that, in briefing this point, Regions fails to adequately address this latter basis for the trial court's judgment.[1] An appellant must attack all independent bases that support a trial court's ruling. *Oliphant Fin. LLC. V. Angiano*, 295 S.W.3d 422, 423-24 (Tex. App.—Dallas 2009, no pet.); *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681-82 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If an appellant does not attack an independent ground, we must accept the validity of that ground and affirm on that basis. *Oliphant Fin.*, 295 S.W.3d at 24; *Britton*, 95 S.W.3d at 681-82. Here, the Escrow Agreement specifically provided, "All funds [deposited by investors] shall remain the property of [the investors] . . . until released or eligible to be released to issuer in accordance with Section 4(a) . . . ." Although Regions does not directly address this basis for the trial court's judgment, Regions does assert "all conditions . . . of the Escrow Agreement were satisfied prior to [Bay's] investment" and that it was therefore "required to disburse [Bay's] funds . . . ." We have previously concluded otherwise. Regions has not argued, much less provided any legal analysis or authority, for the proposition the trial court erred in concluding Regions was deemed to be holding Bay's funds for him as a depository and should return the funds to Bay. Because Regions has not shown this basis for the trial court's judgment was erroneous, we must affirm on this basis alone. *Cf. Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (appellate court cannot reverse a trial court's judgment absent properly assigned error).

Moreover, we cannot agree with Regions that there is no evidence to support the trial court's determination that its breach of contract caused Bay's loss. To prove damages for breach of contract, the plaintiff must prove that he suffered some pecuniary loss as a result of the breach. *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 758 (Tex. App.—El Paso 2000,

---

[1] Regions's briefing of this point of error is generally confused and convolutes several distinct legal issues. Specifically, although presented as a "causation of damages" point, the brief raises arguments germane to materiality of breach, negligence, and gross negligence. Even giving Regions's brief the most liberal construction, these issues are not adequately briefed. *See* Tex. R. App. P. 38.1(i) (appellant's brief must include "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

no pet.); *Multi–Moto Corp. v. ITT Commercial Fin. Corp.*, 806 S.W.2d 560, 569 (Tex. App.—Dallas 1990, writ denied). Such losses must be the natural, probable, and foreseeable consequence of the defendant's conduct. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex. 1981). According to Regions, it was not foreseeable that its breach would result in Bay's loss. We disagree.

The very purpose of an Escrow Agreement is to preserve funds until payment is authorized under the Agreement. *See EMC Morg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). The Escrow Agreement expressly described the conditions that had to be met before Regions could disburse Bay's funds. One of these conditions was obtaining an opinion from counsel that the shares were either registered or exempt from registration under the Securities Act of 1933. The registration and exemption requirements are intended to protect investors from fraudulent activities. *See Sec. & Exch. Comm'n v. Ralston Purina Co.*, 346 U.S. 119, 124-25 (1953); *Peoples Sec. Co. v. Sec. & Exch. Co.*, 289 F.2d 268, 271 (5th Cir. 1961). We cannot agree it was not foreseeable that Bay would be damaged by Regions's breach of a provision that was intended to protect investors from the very fraud Regions now claims caused Bay's loss.

Regions has thus failed to show the evidence is legally insufficient to support the trial court's damages finding. Although Regions purports to challenge the factual sufficiency of the evidence to prove causation, the substance of its complaint raises only legal sufficiency arguments. We conclude Regions has not adequately briefed a factual sufficiency challenge. *See La Sara Grain, Co. v. First Nat'l Bank*, 673 S.W.2d 558, 568 (Tex. 1984) (op. on reh'g); *City of Houston v. Levingston*, 221 S.W.3d 204, 216 n.9 (Tex. App.—Houston [1st. Dist] 2006, no pet.). We overrule Regions's second point of error.

In its third point of error, Regions contends the evidence is insufficient to support the trial court's award of attorney's fees. The trial court awarded Bay $56,009 in attorney's fees. Regions contends the evidence is insufficient to support this award because Bay failed to present sufficient evidence segregating his recoverable attorney's fees from non-recoverable fees.

Bay's attorney, Roger F. Claxton, testified that he was retained by Bay to pursue claims against Regions and other defendants. Claxton testified that he segregated fees expended on Bay's claims against the other defendants, but he did not segregate fees related to Bay's noncontractual claims against Regions, which included conversion, negligence, gross negligence, breach of fiduciary duty, and securities violations. Claxton testified he did not do so because it was "all intertwined." According to Regions, Bay failed to present sufficient evidence that all the legal services for which fees were claimed advanced his breach of contract claim. We agree.

A party seeking to recover attorney's fees has the burden to show that the fees were reasonable and necessary, which, among other things, requires the party to show the fees were incurred on a claim that allows recovery of such fees. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10-11 (Tex. 1991). Where, as here, a party seeks attorney's fees in a case where some claims permit the recovery of fees and others do not, the party must segregate and exclude the fees for services related to the claims for which fees are not recoverable unless "the discrete legal services advance[d] both [the] recoverable claim and the unrecoverable claim." *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006). When a party does not segregate attorney's fees between recoverable and unrecoverable claims in the court below and we determine segregation is required, the fee award must be reversed and the case must be remanded to the trial court to determine which fees are recoverable. *See Tony Gullo*, 212 S.W.3d at 314.

Here, Claxton testified generally that he could not segregate fees expended on Bay's claims against Regions because it was an intertwined mass of evidence to untangle a business transaction. On cross-examination, Claxton testified he included fees expended on a motion for summary judgment solely on negligence causation because "most" of the services were "about the facts of what happened," and the same core set of facts was driving the case regardless of the legal theory advanced. Claxton also testified that he included fees incurred for responding to a motion to dismiss in bankruptcy court associated with Bay's securities claims against Regions. Claxton did not assert those services advanced his breach of contract claim. Indeed, he testified that work included briefing "control person" and "aider and abetter" liability under State and Federal securities laws. Claxton also conceded that he included all fees incurred in drafting a second amended complaint that included claims for conversion and negligence that do not permit recovery of attorney's fees. He said he did do so because it was "all intertwined."

Intertwined facts do not make nonrecoverable fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *Id.* Here, Bay failed to show all the legal fees for which he sought recovery advanced his breach of contract claim. *See Tony Gullo,* 212 S.W.3d at 313-14. Therefore, the fee award must be reversed and the case remanded to the trial court to determine which fees are recoverable. *See Tony Gullo,* 212 S.W.3d at 314. We sustain Regions's third point of error.

In its fourth point of error, Regions contends the trial court erred in failing to "apportion fault" or grant a settlement credit. According to Regions, the trial court failed to properly apportion fault under the proportionate responsibility statute. However, by its plain terms, that statute applies only to tort and Deceptive Trade Practices claims. TEX. CIV. PRAC. & REM. CODE ANN. § 33.002 (West 2008); *Doncaster v. Henaiz,* 161 S.W.3d 594, 604 (Tex. App.—San

Antonio 2005, no pet.). Here, Bay's recovery was for breach of contract. Therefore, we overrule Regions's fourth point of error in part.

Regions also complains the trial court erred in failing to grant a settlement credit of $10,000 that Bay recovered from another defendant for the same loss. Under the one-satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (2000). Bay concedes he recovered $10,000 in settlement from another defendant to compensate him for the same loss. Therefore, Regions is entitled to a settlement credit in that amount. We sustain Regions's fourth point of error in part.

We modify the trial court's judgment to reduce the trial court's damages award by $10,000, but otherwise affirm the judgment as to damages. We reverse the trial court's attorney's fees award and remand the case to the trial court for the purpose of determining which fees are recoverable.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

120531F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REGIONS BANK, Appellant

No. 05-12-00531-CV     V.

JEFFREY BAY, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-09203.
Opinion delivered by Justice O'Neill.
Justices Francis and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reduce the award of actual damages to $490,000 to reflect a settlement credit.

As modified, the trial court's judgment as to actual damages is **AFFIRMED**.

We **REVERSE** and **REMAND** the trial court's award of attorney's fees and remand the case to the trial court for the purpose of determining recoverable attorney's fees.

It is **ORDERED** that appellee JEFFREY BAY recover his costs of this appeal and the full amount of the modified judgment from appellant REGIONS BANK and from Fidelity and Deposit Company of Maryland as surety on appellant's supersedeas bond.

Judgment entered this 18th day of September, 2013.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

–9–