**Opinion issued November 15, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00202-CV

————————————

**SHOSHANA DIAMONDS, INC. AND SHOSHANA LEVY, Appellants**

**V.**

**DIAMOND COLLECTION CO., Appellee**

---

**On Appeal from the Harris County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1071202**

---

## MEMORANDUM OPINION

Diamond Collection Company sold several pieces of jewelry to Shoshana

Levy and her company, Shoshana Diamonds, Inc. They failed to pay for or return

some of the jewelry, so Diamond Collection sued, alleging breach of contract. After

a bench trial, the trial court entered a judgment awarding Diamond Collection

$138,894.98, interest, and attorney's fees, jointly and severally against both Levy and Shoshana Diamonds. Levy challenges the sufficiency of the evidence to support her individual liability as a guarantor. We affirm because the record reflects that Levy also was held liable in an individual capacity.

## Background

The owner of appellee Diamond Collection Company developed a business relationship with appellant Shoshana Levy through her son, while all three were working in the jewelry industry. This led Diamond Collection to enter into sales of jewelry to Levy and her company, Shoshana Diamonds, Inc. Levy is a direct retailer, wholesaler, and designer of jewelry. Diamond Collection sold the jewelry to both Levy and Shoshana Diamonds.

Diamond Collection would use Federal Express to send Levy jewelry that she requested. Federal Express would obtain a signature at the time it delivered the boxes. Each box contained a Diamond Collection "Memo / Invoice" form. The forms purported to create a bailment and specified that Diamond Collection kept title to the jewelry shipped until it issued a written bill of sale. Every form also contained a "Guaranty" paragraph, which stated: "I also agree in my individual capacity . . . to jointly and severally pay to Diamond Collection Co. 26 all indebtedness by consignment (whether a corporation, partnership, or otherwise) at any time arising under or relating to any purchases or merchandise delivered by consignment or

creation of a bailment." Levy "asked for credit individually" as part of the transactions.

Levy and Shoshana Diamonds never paid for or returned some of the jewelry, so Diamond Collection sued them both for breach of contract. After a bench trial, the trial court entered a judgment awarding Diamond Collection $138,894.98, interest, and attorney's fees, jointly and severally against both Levy and Shoshana Diamonds. Levy requested findings of fact, but the trial court never entered any. Levy failed to file a notice of past-due findings. This appeal followed.

## Analysis

Although Shoshana Diamonds filed a notice of appeal, the appellants' brief only challenges the judgment as to Levy in her individual capacity. Levy maintains that "[t]he only question presented in this appeal is whether there is evidence sufficient to satisfy the statute of frauds" to establish her guarantee of purchases by Shoshana Diamonds. She contends that without a writing sufficient to satisfy the statute of frauds to support her guarantees, the trial court erroneously imposed liability on her. In response, Diamond Collection argues that even if no writing sufficient to satisfy the statute of frauds establishes Levy's personal guarantee of the purchases, the evidence nevertheless supports her individual contract liability.

To prevail on appeal, an appellant must attack all independent grounds supporting a judgment. *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676,

3

680–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Adame v. 3M Co.*, No. 01-16-00847-CV, 2018 WL 4137023, at *3 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet. h.) (mem. op.). If the appellant fails to do so, the appellate court "must accept the validity of that unchallenged independent ground" and affirm the judgment. *Britton*, 95 S.W.3d at 681–82; *accord Adame*, 2018 WL 4137023, at *3.

In an appeal after a bench trial in which the trial court does not enter findings of fact, the appellate court implies all findings of fact necessary to support the judgment. *APMD Holdings, Inc. v. Praesidium Med. Prof'l Liab. Ins. Co.*, 555 S.W.3d 697, 706 (Tex. App.—Houston [1st Dist.] 2018, no pet.). These implied findings have the same weight as a jury's verdict. *Id.* When the appellate record includes the reporter's record and the clerk's record, implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Id.*

An appellate court must liberally construe a petition to contain any claims that reasonably may be inferred from the specific language used in the petition, even if an element of a claim is not specifically alleged. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.3d 347, 354–55 (Tex. 1995); *King v. Lyons*, 457 S.W.3d 122, 126 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Diamond Collection's live petition pleaded a contract action against each of Levy and Shoshana Diamonds. In the petition, Diamond Collection alleged that it

"sold defendants jewelry on account, as outlined in Memo / Invoices" and that it provided the jewelry "upon agreement of said defendants to pay the agreed price." It went on to allege that the defendants "failed to pay" the agreed prices for the jewelry. It pleaded a cause of action for breach of contract, because the defendants "failed to perform their obligations to pay for the items purchased and/or on the guaranties." There are no special exceptions in the appellate record. Liberally construing the petition, as we must, it alleged a cause of action for breach of contract directly against Levy in her individual capacity. *See SmithKline Beecham*, 903 S.W.3d at 354–55; *King*, 457 S.W.3d at 126.

Levy does not challenge the sufficiency of the evidence supporting her individual liability for breach of contract. She requested findings of fact, but the trial court never entered any, and she failed to file a notice of past-due findings. *See* TEX. R. CIV. P. 297. We therefore must imply all findings of fact necessary to support the judgment imposing liability against her. *See APMD Holdings*, 555 S.W.3d at 706. The record includes evidence supporting a finding of Levy's individual liability. Diamond Collection's main witness, its owner, testified that the memos offered into evidence concerned jewelry being sold directly to Levy:

Q. Okay. What are Exhibits 1 through 4?

A. They are a -- we call it in the industry a memo note or consignment note which you fill up the details of the diamonds of the jewelry that's been consigned, sold or shipped to a second party.

5

Q. With respect to Exhibit 1, let's just talk about that specific document, who was the -- who were the goods referenced in Exhibit 1 sold to?

A. To Shoshana.

Q. To Shoshana Levy?

A. Yes.

Q. The defendants?

A. Yes, to Mrs. Shoshana Levy.

Q. Okay. And then next to it there is also her company Shoshana Diamonds?

A. Yes, Shoshana Diamonds, Inc.

Q. So you sold it to both?

A. Yes.

All four memos are substantively identical. And Diamond Collection's owner went on to testify that Levy failed to pay under all four memos:

Q. So your testimony today is that Ms. Levy ordered all those four memos and she's never paid you for them?

A. Yes.

He also testified that Levy "asked for credit individually" as part of the transactions.

Because Levy presents no challenge to the imposition of direct contract liability against her, she has failed to attack this independent ground supporting the trial court's judgment. Therefore, and due to the lack of findings of fact, we must accept the validity of this independent ground and overrule her appellate challenge. *See Adame*, 2018 WL 4137023, at *3; *Britton*, 95 S.W.3d at 681–82.

6

**Conclusion**

We affirm the judgment of the trial court.

PER CURIAM

Panel consists of Justices Jennings, Higley, and Massengale.