**Affirmed and Memorandum Opinion filed August 18, 2020.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-19-00689-CV

---

### CELINA HELLMUND, Appellant

### V.

### GABRIEL CASTELLÓ, Appellee

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2019-20955**

---

## M E M O R A N D U M   O P I N I O N

Appellant Celina Hellmund appeals an order granting appellee Gabriel Castelló's special appearance. Hellmund raises two issues. First, Hellmund contends the trial court erred in granting Castelló's special appearance because a Texas court has personal jurisdiction over him under specific jurisdiction principles. Second, Hellmund contends the trial court abused its discretion in striking her supplemental evidence filed three days before the hearing on the ground that it was untimely.

We conclude that the trial court did not abuse its discretion by striking Hellmund's supplemental evidence because it was untimely, and we overrule her second issue. As to Hellmund's first issue, for the reasons explained below, we conclude that she has not shown the trial court erred in granting Castelló's special appearance on specific jurisdiction grounds. Therefore, we overrule Hellmund's first issue.

We affirm the trial court's order granting Castelló's special appearance.

## Background

Hellmund, a resident of Switzerland, sued Castelló, also a resident of Switzerland, and Allegra LLC, a Texas limited liability company, in Harris County District Court. Purportedly, both Hellmund and Castelló are members and managers of Allegra. In her original petition, Hellmund alleged under the "jurisdiction" paragraph that the court "has jurisdiction to provide all relief requested," and that the parties have contractually agreed that mandatory venue lies in Texas courts. Hellmund asserted claims against Castelló for breach of an oral contract, fraud, fraudulent inducement, and breach of fiduciary duties to Hellmund and Allegra.[1]

Hellmund alleged the following facts:

- Hellmund and Castelló are both residents of Switzerland.

- Hellmund and Castelló executed a purchase agreement for a luxury condominium unit in Houston.

---

[1] Hellmund purported to bring claims both individually and derivatively on Allegra's behalf, and she requested the court to treat her derivative claims as a "direct action" for her own benefit. *See* Tex. Bus. Orgs. Code § 101.463(c). Allegra specially excepted to Hellmund's right to bring a derivative action. The issue of Hellmund's right or standing to assert Allegra's claims derivatively, if any, is not before us in this appeal, however. The issue is whether personal jurisdiction exists over Castelló as to any claims, whether asserted by Hellmund, Allegra, or both.

2

- Castelló promised Hellmund that he would solely fund the purchase of the unit for her and that he would pay for all renovations, furnishings, upkeep, and taxes for the unit. Renovations on the unit began, and Hellmund and Castelló met with interior decorators and designers.

- Hellmund and Castelló were married in September 2016.

- Hellmund and Castelló then formed Allegra in February 2017. Each owned a fifty percent interest in Allegra; Allegra was formed for the purpose of purchasing and managing real property.

- In June 2018, "Castelló and Hellmund, through Allegra, LLC[,] closed on the purchase of its sole asset," the condominium unit.

- The condominium unit "was intended for Hellmund to retain a place in Houston, Texas – where she had resided since 1989 – and for both Hellmund and Castelló to use and enjoy during their stays in the USA." Castelló promised to gift the condominium unit to Hellmund as her separate property.

- At closing, Castelló invested $400,000 capital in Allegra and paid $300,000 for costs. However, soon after closing, Castelló refused to approve or pay for any previously approved work on the unit.

- In November 2018, Castelló informed Hellmund that he wished to divorce and that he was moving out of their marital residence in Switzerland. He made no further financial contributions to Allegra nor did he provide any further financial contributions to the condominium unit.

In support of her breach of contract claim, Hellmund alleged that Castelló breached his oral promises to pay (through Allegra) for all costs related to the purchase and that he would gift the unit to Hellmund as her separate property.

In support of the breach of fiduciary duty claim, Hellmund alleged that Castelló owed fiduciary duties to Allegra and Hellmund; and that he breached those fiduciary duties by: (1) unilaterally making decisions regarding Allegra's operations; (2) failing to make additional capital contributions; (3) gross mismanagement; (4) misappropriating funds and other assets; (5) failing to disclose information about matters affecting Allegra; and (6) denying Hellmund access to financial information as requested.

In support of her fraud and fraudulent inducement claims, Hellmund alleged that Castelló fraudulently induced her into forming Allegra to purchase the condominium unit by promising to pay for the unit and gift it to her.

Castelló filed a special appearance and attached a sworn declaration, in which he averred among other things that he has never resided in Houston, that he is a resident of Switzerland, and that he has not entered into any venue agreements with Hellmund. Castelló asserted that his declaration rebutted the vague jurisdictional allegation in Hellmund's petition. Castelló further urged in his special appearance that his limited contacts with Texas, including a few trips to Houston and being a member of a Texas LLC, were not continuous and substantial enough to subject him to general jurisdiction in Texas. Castelló contended that his only connection to Texas is his membership in Allegra; and that his partial ownership of Allegra—an entity that owns property in Texas—is insufficient to call him into a Texas court because he never availed himself of the privilege of conducting business in Texas and because his Texas contacts are not substantially related to the operative facts of the litigation. According to Castelló, Allegra was conceived by Hellmund's tax attorney, and Hellmund unilaterally directed all of Allegra's activities without his input or consent. Finally, Castelló contended that exercising personal jurisdiction over him in Texas would offend traditional notions of fair play and substantial

4

justice. He further stated that he and Hellmund were involved in divorce proceedings in Switzerland that could impact this lawsuit. He set a hearing on his special appearance for July 8, 2019.

Hellmund filed a response. She contended that Castelló was subject to specific jurisdiction in Texas because: (1) he executed a contract for the purchase of real property in his individual capacity; (2) he and Hellmund formed a Texas limited liability company, Allegra, subject to the protections, provisions, and benefits of Texas law; (3) his contacts with Texas were directly connected to Hellmund's lawsuit; and (4) personal jurisdiction over Castelló does not offend traditional notions of fair play and substantial justice. Hellmund attached documentary evidence in support of her response. The documents, however, either were not authenticated or not translated into English from a foreign language. Hellmund did not attach any affidavit or sworn declaration in support of her jurisdictional allegations.

The special appearance hearing was reset to July 22. Seven days before the hearing, Castelló filed supplemental evidence. He filed an amended declaration, which restated the facts from his original declaration but added that the property at issue was included in a proposed divorce settlement with Hellmund in Switzerland. He attached a translated copy of the proposed settlement, which provided that he would sell his interest in Allegra to Hellmund and transfer his equity in Allegra to her sole ownership. Castelló also attached a sworn declaration from his Swiss divorce counsel, who stated among other things that Swiss law governs the parties' divorce and that the Swiss court will have the opportunity to adjudicate the disposition of the property acquired during the marriage and owned by Allegra.

Three days before the hearing, Hellmund filed a supplemental response, attaching sworn declarations by her and her Swiss divorce counsel. However, at the

July 22 hearing, Castelló's counsel objected to Hellmund's supplemental response and evidence because it was filed less than seven days before the hearing and was therefore untimely. *See* Tex. R. Civ. P. 120a(3). The trial judge informed Hellmund's counsel that he could not consider the late declarations and asked what Hellmund wanted to do. Counsel decided to proceed with the hearing relying only on the initial response. Later during the hearing, Castelló's counsel also objected to the evidence attached to Hellmund's initial response because the exhibits were not authenticated or properly proven. The trial court did not rule on the objection during the hearing.

Two days after the hearing, Hellmund filed a motion to conduct jurisdictional discovery and for a new hearing.

On July 31, the trial court granted Castelló's special appearance and dismissed all claims asserted by Hellmund without prejudice for lack of personal jurisdiction. The trial court also struck all of Hellmund's evidence submitted with both her initial and supplemental responses:

(1) The evidence that Plaintiff filed in support of her Supplemental Response – the Declarations of Margherita Bortolani and Celina Hellmund and attachments thereto – is STRICKEN as untimely under Texas Rule of Civil Procedure 120a(3).

(2) The evidence that Plaintiff filed in support of [her] response, Exhibits 1-9, is STRICKEN as inadmissible evidence because it is hearsay and Plaintiff failed to lay the proper foundation, authenticate the documents, and provide a certified translation of Exhibit 1[.]

Hellmund timely appealed.

## Analysis

Hellmund presents two issues: (1) whether the trial court erred by granting Castelló's special appearance; and (2) whether the trial court erred by striking her

6

supplemental evidence as untimely filed. She does not challenge the trial court's order striking the evidence attached to her initial response. We first clarify the universe of evidence before us, then proceed to evaluate whether the court erred in granting the special appearance.

**A. The trial court did not abuse its discretion in striking Hellmund's supplemental evidence.**

Whether to admit or exclude evidence is within the trial court's sound discretion. *Nat'l Liability & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *Gonzalez v. Champion Techs., Inc.*, 384 S.W.3d 462, 467 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Thus, on appeal, we review a trial court's evidentiary decisions for an abuse of discretion. *Nat'l Liability & Fire Ins. Co.*, 15 S.W.3d at 527; *see also Gonzalez*, 384 S.W.3d at 467.

Texas Rule of Civil Procedure 120a requires parties to serve affidavits in support of or in opposition to a special appearance seven days before the hearing:

> The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony. The affidavits, if any, *shall be served at least seven days before the hearing*, shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.

Tex. R. Civ. P. 120a(3) (emphasis added). The rule further provides that, if it appears from a party's affidavit that she cannot present facts sufficient to justify opposition to a special appearance, the trial court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Tex. R. Civ. P. 120a(3).

7

Hellmund did not comply with this rule. She does not dispute that she filed her supplemental declarations less than seven days before the hearing. She did not timely seek a continuance pursuant to Rule 120a, and to the extent the trial court's order implicitly denied Hellmund's post-hearing motion for continuance, she does not challenge the denial of a continuance on appeal. Moreover, during the special appearance hearing she informed the trial court that she did not need the supplemental evidence. Based on our record, we cannot say the trial court abused its discretion. *Cf. BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800-01 (Tex. 2002); *Munz v. Schreiber*, No. 14-17-00687-CV, 2019 WL 1768590, at *10-11 (Tex. App.—Houston [14th Dist.] Apr. 23, 2019, no pet.) (mem. op.).

We overrule Hellmund's second issue.

**B.      The trial court did not err in granting Castelló's special appearance.**

1.      *Personal jurisdiction framework and standard of review*

Texas courts may assert *in personam* jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). The Texas long-arm statute authorizes Texas courts to exercise jurisdiction over a nonresident defendant who "does business" in the state. *See* Tex. Civ. Prac. & Rem. Code §§ 17.042, 17.043. The Legislature has described a non-exclusive list of acts that may constitute "doing business" in this state, such as contracting with a Texas resident and either party is to perform the contract in whole or in part in Texas, or committing a tort in whole or in part in Texas. *See id.* §§ 17.042(1), (2). Hellmund does not argue on appeal that Castelló did business in Texas under subsections 17.042(1) or (2), and her pleadings are likely inadequate to support jurisdiction under those provisions. She alleged and argues on appeal that Castelló

did business in Texas because he is a member and manager of a Texas LLC and that jurisdiction is authorized based solely on that fact.

The exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees when (1) the nonresident defendant has minimum contacts with the forum state and (2) the assertion of jurisdiction complies with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Peters v. Top Gun Exec. Grp.*, 396 S.W.3d 57, 62 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Minimum contacts are sufficient for personal jurisdiction when the nonresident defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 886 (Tex. 2017). A nonresident defendant's purposeful contacts with a forum state can give rise to either general or specific jurisdiction. *Id.* at 885. Here, Hellmund invokes only specific jurisdiction. In analyzing specific jurisdiction, in addition to the "purposeful availment" question, we also focus on the relationship among the defendant, the forum, and the particular litigation at hand. *See id.* at 886; *Spir Star AG v. Kimich*, 310 S.W.3d 868, 873 (Tex. 2010); *Moki Mac*, 221 S.W.3d at 575-76. As the Supreme Court of Texas has clarified, specific jurisdiction arises when: (1) the nonresident creates minimum contacts with Texas by purposefully availing himself of the privilege of conducting activities here; and (2) a "substantial connection" exists between those purposeful contacts and the operative facts of the litigation. *Moki Mac*, 221 S.W.3d at 575-76, 585. If both of these circumstances are satisfied, then a Texas court may exercise personal jurisdiction over a nonresident defendant so long as doing so comports with traditional notions of fair play and substantial justice. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).

In a challenge to personal jurisdiction, the plaintiff and the defendant bear shifting burdens of proof. *Id.* at 658. The plaintiff bears the initial burden of pleading sufficient facts to bring a nonresident defendant within the reach of the Texas long-arm statute. *Id.*; *see* Tex. Civ. Prac. & Rem. Code § 17.042; *Perna v. Hogan*, 162 S.W.3d 648, 653 (Tex. App.—Houston [14th Dist.] 2005, no pet.). But if the plaintiff fails to plead facts bringing the defendant within reach of the Texas long-arm statute, the defendant need only prove that he does not live in Texas to negate jurisdiction. *Kelly*, 301 S.W.3d at 658.

If the plaintiff meets its initial burden, the burden then shifts to the defendant to negate all bases of personal jurisdiction alleged by the plaintiff. *Id.*. "Because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading." *Id.* A defendant can negate jurisdiction on either a factual or a legal basis. *Id.* at 659. "Factually, the defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations." *Id.* Or the defendant can show that even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction. *Id.* If the defendant meets its burden of negating all alleged bases of personal jurisdiction, then the plaintiff must respond with evidence "establishing the requisite link with Texas." *See id.* at 660.

We review de novo a trial court's decision regarding a special appearance. *See M & F Worldwide*, 512 S.W.3d at 885.

2. *Application*

The key jurisdictional fact pleaded by Hellmund is her allegation that Castelló is a member of a Texas LLC, which Castelló admits. Although this activity is not one listed in section 17.042, we will assume for argument's sake that a nonresident's membership in a Texas LLC constitutes "doing business" in Texas sufficient to

10

satisfy the purposeful-availment test for minimum contacts purposes.[2]  Presuming that element of specific jurisdiction is met, to reverse the order granting Castelló's special appearance Hellmund must show on appeal that (1) a "substantial connection" exists between Castelló's LLC membership and the operative facts of the litigation, and (2) the assertion of jurisdiction would comply with traditional notions of fair play and substantial justice.  If the record supports an implicit finding or conclusion against Hellmund on either or both of these factors, then the trial court did not err in granting the special appearance.  *See Kelly*, 301 S.W.3d at 659; *Voltaix, LLC v. Ajongwen*, 406 S.W.3d 235, 241-43 (Tex. App.—Dallas 2013, no pet.).

Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment.  *E.g.*, *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Lathrop v. Personalysis Corp.*, No. 14-06-00074-CV, 2006 WL 3072072, at \*5 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no pet.) (mem. op.) (applying *Britton* to an appeal of the denial of a special appearance).  This premise flows from the well-recognized precept that we may not reverse a trial court's judgment on unassigned error.  *E.g.*, *Pike v. Tex. EMC Mgmt., LLC*, No. 17-0557, —S.W.3d—, 2020 WL 3405812, at \*13 (Tex. June 19, 2020) ("A court of appeals may not reverse a trial court judgment on a ground not raised."); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("We have repeatedly held that courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.").  If the

---

[2] In her opening brief, Hellmund also argued that Castelló is subject to personal jurisdiction in Texas because she alleged in her petition that she and Castelló "have contractually agreed that mandatory venue shall be in the state courts of Texas," and that Castelló did not deny the allegation.  However, in her reply brief, Hellmund acknowledges that Castelló did, in fact, deny the allegation, and Hellmund abandoned the argument as a ground for reversing the trial court's ruling.

appellant fails to challenge all grounds that may have supported the judgment, then generally we must affirm the ruling. *See Britton*, 95 S.W.3d at 681.

In her appellate brief, Hellmund challenges only the purposeful-availment prong of the specific jurisdiction inquiry. Her brief contains no argument or authority addressing the "substantial connection" issue or asserting substantively that exercising jurisdiction over Castelló would comport with traditional notions of fair play and substantial justice. *See* Tex. R. App. P. 38.1(i); *Pike*, 2020 WL 3405812, at *13. We have independently reviewed the record and conclude that the trial court reasonably could have determined that exercising personal jurisdiction over Castelló for the claims alleged would offend traditional notions of fair play and substantial justice. Though the exercise of jurisdiction rarely fails the test of fair play and substantial justice when a defendant has established minimum contacts with the forum state,[3] we think this case presents just such an exception based on the evidence before the trial court.

To avoid being haled into a foreign court, a nonresident defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). In evaluating the issue, we consider the following factors: (1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Guardian Royal Exch.*, 815 S.W.2d. at 228; *Magnolia Gas Co. v. Knight Equip. Mfg.*, 994 S.W.2d 684, 693 (Tex. App.—San

---

[3] *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991).

Antonio 1998, no pet.), *abrogated in part on other grounds*, *BMC Software*, 83 S.W.3d at 794 & n.1. When, as here, the defendant is a resident of another nation, we also must consider (a) the unique burdens placed on the defendant who must defend itself in a foreign legal system, (b) the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction by a state court, and (c) the federal government's interest in its foreign-relations policies. *Guardian Royal Exch.*, 815 S.W.2d. at 229.

Castelló was the only party to submit evidence on this issue, and viewing the evidence together with the record as a whole we think the burden on him to litigate this matter in Texas is likely significant. He is a resident of Switzerland, as is Hellmund; he has never lived or resided in Houston and only visited Houston "a handful of times." He owns no property and maintains no bank accounts in Texas.

Texas's interest in adjudicating this dispute between two nonresident spouses is minimal at best. *Cf. id.* at 232-33 (explaining that Texas's interest in resolving dispute between English insurer and its English insured is minimal, despite English insurer's minimum contacts with Texas). The lawsuit involves whether Castelló promised to fully fund the purchase and renovation of a single marital asset; Hellmund did not allege that these purported promises were made in Texas or to a Texas resident. Any promises that Castelló made were to Hellmund, who, like Castelló, is a Swiss resident. Though Hellmund ostensibly asserts claims on Allegra's behalf, she notably requested the trial court to treat those claims as a direct action on her behalf and award damages directly to her. Currently, Hellmund and Castelló are parties to a divorce proceeding in Switzerland that will adjudicate the property's disposition. Texas has no interest in adjudicating divorces between spouses who do not reside in this state. *See Alwazzan v. Alwazzan*, 596 S.W.3d 789, 808-09 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing Tex. Fam. Code

13

§ 6.301). The "public policy behind these requirements is to prevent forum shopping by divorce litigants." *Id*. Moreover, for this reason, litigating a dispute in Texas over one community asset in a marital estate when the divorce action is pending in another country does not provide particularly convenient and effective relief.

Finally, balancing the relevant international interests—(a) the unique burdens placed on the defendant who must defend itself in a foreign legal system; (b) the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction by a state court; and (c) the federal government's interest in its foreign-relations policies—does not favor a Texas forum for this action.

Given our disposition, we need not address whether Hellmund's claims are substantially connected to Castelló's membership in a Texas LLC. *See* Tex. R. App. P. 47.1.

For these reasons, we overrule Hellmund's first issue.

## Conclusion

Having overruled both of Hellmund's appellate issues, we affirm the trial court's order granting Castelló's special appearance.

/s/    Kevin Jewell
        Justice

Panel consists of Justices Christopher, Jewell, and Hassan.